IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GAYSHA GLOVER, and COURTNEY GRIFFIN, individually and on behalf of the ESTATE OF D'ETTRICK GRIFFIN,<br><br>      *Plaintiffs*,<br><br>*v.*<br><br>CITY OF ATLANTA; ERIKA SHIELDS; OLIVER SIMMONDS, and DOES 1–5,<br><br>      *Defendants*. | CIVIL ACTION FILE NO. 1:20-CV-04302-SDG |

### DEFENDANTS CITY OF ATLANTA AND ERIKA SHIELDS'S MOTION TO STAY PROCEEDINGS

COME NOW, Defendants **CITY OF ATLANTA** and **ERIKA SHIELDS**, individually and in her official capacity, and move to stay proceedings pending disposition of Defendants' Motion to Dismiss, which is currently pending before the Court.

Defendants moved to dismiss Plaintiff's Complaint as barred by qualified immunity, as well as for failure to state a claim upon which relief can be granted on various other grounds. A ruling in Defendants' favor would resolve the entire case against them, thus making discovery unnecessary. In order to

1

avoid the potentially unnecessary cost and burden of litigation, Defendants ask that discovery, including all disclosures and planning conferences pursuant to Fed. R. Civ. P. 16 and 26, be stayed pending a ruling on Defendants' Motion to Dismiss.

Qualified immunity "seeks to protect government officials from the cost of trial and the burdens of broad reaching discovery." Caraballo-Sandoval v. R.E. Honsted, 35 F.3d 521, 524 (11th Cir. 1994) (affirming stay of discovery until district court decided the issue of qualified immunity). The Supreme Court has explained that the purpose of qualified immunity, and any other applicable immunity defense, is not only protection from civil damages, but also to protect defendants from the rigors of litigation itself, including discovery. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985); Harlow v. Fitzgerald, 457 U.S. 800, 816 (1982). "[O]ne of the purposes of the Harlow qualified immunity standard it to protect public officials from the 'broad-ranging discovery' that can be 'particularly disruptive of effective government.'" Anderson v. Creighton, 483 U.S. 635, 646 (1987) (quoting Harlow, 457 U.S. at 817). The Supreme Court reiterated its adherence to this principle in Ashcroft v. Iqbal, stating that "[t]he basic thrust of the qualified immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disrupted discovery.'" 556 U.S. 662, 685 (2009) (quoting Siegert v. Gilly, 500 U.S. 226,

236 (1991)). Forcing Defendants into the rigors of discovery before this Court can rule on the issue of immunity is wasteful and prejudicial.

Fed. R. Civ. P. 26(d) gives the Court broad discretion to alter the sequence of discovery "for the convenience of the parties . . . and in the interests of justice." Fed. R. Civ. P. 26(d). See also Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1558-59 (11th Cir. 1985) (district court has "broad discretion to stay discovery until the district court rules on a pending dispositive motion"). The Court should stay all discovery in the interests of efficiency and justice through its powers under Fed. R. Civ. P. 26 and issue a stay relieving Defendants from having to exert any additional resources pending a ruling on their Motion to Dismiss. See Patterson v. United States Postal Serv., 901 F.2d 927, 929 (11th Cir. 1990) (trial court properly stayed discovery pending ruling on motion to dismiss); Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) (holding "facial challenges to the legal sufficiency of the claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should be resolved before discovery begins").

In sum, Defendants have moved to dismiss all claims against them, and an order staying the proceedings will protect them from the burden of responding to potentially unnecessary discovery should the motion be granted. Even if the Court grants part of Defendants' Motion to Dismiss, it will narrow

the focus of the case and establish the proper scope of discovery for Plaintiff's remaining claims, if any. Moreover, litigation efficiency does not infringe on any party's rights.

WHEREFORE, Defendants respectfully request that the Court GRANT this Motion to Stay Proceedings during the pendency of Defendants' Motion to Dismiss and STAY all disclosures, planning conferences, and other discovery in this matter until Defendants' Motion to Dismiss is fully adjudicated.

Respectfully submitted this 16th day of November, 2020.

|  |  |
|---|---|
| | **HALL BOOTH SMITH, P.C.** |
| | /s/ *R. David Ware* |
| | R. DAVID WARE |
| 191 Peachtree Street, N.E. | Georgia Bar No. 737756 |
| Suite 2900 | RUSSELL A. BRITT |
| Atlanta, GA  30303-1740 | Georgia Bar No. 473664 |
| Tel:  (404) 954-5000 | PEARSON K. CUNNINGHAM |
| Fax: (404) 954-5020 | Georgia Bar No. 391024 |
| dware@hallboothsmith.com | |
| rbritt@hallboothsmith.com | *Counsel for Defendants City of* |
| pcunningham@hallboothsmith.com | *Atlanta and Erika Shields* |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing **Motion to Stay Proceedings** with the Court using the CM/ECF System.  Notice of this filing will be sent to the below as indicated on the electronic filing receipt.

| | |
|---|---|
| Eric S. Frederickson<br>Matthew S. Harman<br>**HARMAN LAW FIRM, LLC**<br>3375 Piedmont Rd. NE,<br>Bldg. 15, Ste. 1040<br>Atlanta, GA 20505<br>efrederickson@harmanlaw.com<br>mharman@harmanlaw.com | Alex R. Merritt<br>**DeWoskin Law Firm, LLC**<br>535 North McDonough St.,<br>Decatur, GA 30030<br>alex@atlantatrial.com |

*Counsel for Plaintiffs*

This the 16th day of November, 2020.

**HALL BOOTH SMITH, P.C.**

/s/  R. David Ware
R. DAVID WARE
Georgia Bar No. 737756
RUSSELL A. BRITT
Georgia Bar No. 473664
PEARSON K. CUNNINGHAM
Georgia Bar No. 391024

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA  30303-1740
Tel:  (404) 954-5000
Fax: (404) 954-5020
dware@hallboothsmith.com
rbritt@hallboothsmith.com
pcunningham@hallboothsmith.com

*Counsel for Defendants City of Atlanta and Erika Shields*

5