## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| GAYSHA GLOVER and COURTNEY GRIFFIN, individually and on behalf of the ESTATE OF D'ETTRICK GRIFFIN, <br><br> *Plaintiffs*, <br><br> *versus* <br><br> CITY OF ATLANTA; ERIKA SHIELDS; OLIVER SIMMONDS; and DOES 1–5, <br><br> *Defendants*. | Civil Action File No. 1:20-cv-04302-SDG <br><br> **PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT OLIVER SIMMONDS PURSUANT TO FED. R. CIV. P. 55(b)(2)** |

The Clerk of Court entered default against Defendant Oliver Simmonds pursuant to FED. R. CIV. P. 55(a) on November 19, 2020.

Pursuant to Federal Rule of Civil Procedure 55(b)(2), Plaintiffs Gaysha Glover and Courtney Griffin now request that the Court conduct a hearing or otherwise determine Plaintiffs' damages and enter judgment in favor of Plaintiffs against Defendant Oliver Simmonds.

## ARGUMENT

### I.    Factual Background

This case concerns the death of Plaintiffs' 18-year-old son, D'Ettrick

Griffin, when Defendant Oliver Simmonds shot him in the back.  Defendant

Simmonds is and was an officer of the Atlanta Police Department.  Defendant

Simmonds allegedly believed D'Ettrick to be attempting to steal his police car.

D'Ettrick was unarmed.  D'Ettrick did not threaten anyone with physical harm.

D'Ettrick did not take any action consistent with intent to physically harm anyone.

Nonetheless, Defendant Simmonds intentionally shot D'Ettrick in the back, not

once but twice.  These events are more fully described in Plaintiffs' complaint.

[Doc. 1 at ¶¶ 1–35].

## II.    The Court has Jurisdiction over this Action and Defendant Simmonds

The Court has subject matter jurisdiction over this action because the Court

has original jurisdiction over Plaintiffs' claims arising under the constitution and

laws of the United States and supplemental jurisdiction over Plaintiffs' related state

law claim that forms part of the same case or controversy.  42 U.S.C. § 1367.

The Court has personal jurisdiction over Defendant Simmonds because he

resides in the Northern District of Georgia. *See* [Doc. 22-1 at ¶ 7].

## III.   Plaintiffs' Complaint States Proper Causes of Action

Proper causes of action are set forth against Defendant Simmonds in

Plaintiffs' complaint.  Plaintiffs' complaint describes in detail the event in which

Defendant Simmonds, acting under color of Georgia law, shot D'Ettrick Griffin in

the back and killed him.  *See* [Doc. 1 at ¶¶ 1–35].  Plaintiffs assert claims for relief against Defendant Simmonds for violation of D'Ettrick Griffin's Fourth and Fourteenth Amendment rights, and for assault and battery pursuant to Georgia common law.  [Doc. 1 at ¶¶ 205–31].

It has long been clearly established that police may not use deadly force against non-violent people suspected of committing crimes.  *Tennessee v. Garner*, 471 U.S. 1, 11 (1985).

Georgia statutes and common law provide a civil cause of action for assault and battery. *See, e.g.*, *Paden v. Rudd*, 294 Ga. App. 603 (2008); O.C.G.A. § 51-1-13.

## IV.    Default Judgment is Appropriate

The Federal Rules of Civil Procedure make it clear that, upon service of the complaint and summons, a defendant is required to file an answer or other responsive pleading within 21 days of such service.  Fed R. Civ. P. 12 (a)(1).  The Rules also set forth the consequence of not responding to a complaint—the allegations in the complaint are deemed admitted.  As set forth in Rule 8(d), "Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading."

## V.    Plaintiffs' Damages

Pursuant to Fed. R. Civ. P. 55(b)(2), the Court may conduct a hearing to determine the amount of damages.

Plaintiffs are entitled to recover for D'Ettrick's pain and suffering.  *See generally Redd v. Peters*, 100 Ga. App. 316 (1959).

Plaintiffs are entitled to recover for "the full value of the life of the decedent without deducting for any of the necessary or personal expenses of the decedent had he lived."  O.C.G.A. § 51-4-1.  This includes "both the economic value of the deceased's normal life expectancy and the intangible element incapable of exact proof, such as . . . society, advice, example and counsel."  *S. Fulton Med. Ctr. v. Poe*, 224 Ga. App. 107, 112 (Ga. Ct. App. 1996).  The full value of D'Ettrick's life is measured from D'Ettrick's perspective.  *Brock v. Wedincamp*, 253 Ga. App. 275, 280 (2002).

Defendant Simmonds' intentional shooting of D'Ettrick—in the back, multiple times—demonstrated willful misconduct, malice, wantonness, and oppression.  Accordingly, Plaintiffs are entitled to recover punitive damages.  *See, e.g.*, *All. Transp., Inc. v. Mayer*, 165 Ga. App. 344, 344 (1983).

As prevailing parties, Plaintiffs will be entitled to attorneys' fees pursuant to 42 U.S.C. § 1988.  See *Hensley v. Eckerhart*, 461 U.S. 424, 429 ("The purpose of §

1988 is to ensure effective access to the judicial process for persons with civil rights grievances.  Accordingly, a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.") (internal quotations omitted).  Plaintiffs also have requested attorneys' fees pursuant to O.C.G.A § 13-6-11.  In addition to compensatory and punitive damages, the Court may also determine and award Plaintiffs' attorneys' fees in the default judgment.  *See, e.g.*, *Constr. Laborers Tr. Funds for S. California Admin. Co. v. Anzalone Masonry, Inc.*, 316 F. Supp. 3d 1192, 1203 (C.D. Cal. 2018).

## CONCLUSION

Accordingly, Plaintiffs respectfully request that the Court conduct such hearing or proceeding as it deems necessary to determine Plaintiffs' damages and attorneys' fees, and enter default judgment in their favor against Defendant Oliver Simmonds.

This November 19, 2020.

/s/Eric S. Fredrickson
Eric S. Fredrickson
Georgia Bar No. 489783
Matthew S. Harman
Georgia Bar No. 327169

**HARMAN LAW FIRM LLC**
3575 Piedmont Road, NE
Bldg 15, Suite 1040

Atlanta, GA 30505
Telephone:  (404) 554-0777
Facsimile:  (404) 424-9370
Email:  efrederickson@harmanlaw.com
        mharman@harmanlaw.com

Alex R. Merritt
Georgia Bar No. 143308
DeWoskin Law Firm, LLC
535 North McDonough Street
Decatur, Georgia 30030
alex@atlantatrial.com
(404) 987-0026

**_Attorneys for Plaintiffs_**

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned hereby certifies that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1B.  This pleading has been prepared in Times New Roman font, 14 point.

## <u>CERTIFICATE OF SERVICE</u>

I certify that today I served a true and correct copy of the following document using the Court's CM/ECF system, which will automatically serve a copy on all counsel of record.

**DATED**:  November 19, 2020.

/s/Eric S. Fredrickson
Eric S. Fredrickson
Georgia Bar No. 489783