IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GAYSHA GLOVER, and COURTNEY GRIFFIN, individually and on behalf of the ESTATE OF D'ETTRICK GRIFFIN,<br><br>*Plaintiffs*,<br><br>v.<br><br>CITY OF ATLANTA; ERIKA SHIELDS; OLIVER SIMMONDS, and DOES 1–5,<br><br>*Defendants*. | CIVIL ACTION FILE<br>NO. 1:20-CV-04302-SDG |

**DEFENDANTS CITY OF ATLANTA AND ERIKA SHIELDS' MOTION TO DEFER RULING ON PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND BRIEF IN SUPPORT THEREOF**

COME NOW, **CITY OF ATLANTA** and **ERIKA SHIELDS**, individually and in her official capacity, named as Defendants in the above-captioned matter, and file this Motion to Defer Ruling on Plaintiffs' Motion for Default Judgment, [See Doc. 23], and their Brief in Support Thereof.

## BACKGROUND

This is a civil rights action brought under 42 U.S.C. § 1983 against the City of Atlanta ("the City"), former Chief of Police Erika Shields, Officer Oliver

1

Simmonds, and five unnamed individuals. Plaintiffs Gaysha Glover and Courtney Griffin filed the action individually and on behalf of their decedent, D'Ettrick Griffin. [See generally Doc. 1, Compl.]. The action arises out of an attempted car theft that occurred on January 15, 2019, when D'Ettrick Griffin attempted to steal Officer Simmonds' police vehicle while Simmonds was refueling the vehicle at a gas station near the intersection of Whitehall and McDaniel Street in Atlanta. Griffin was shot by Officer Simmonds while trying to steal the vehicle before ultimately crashing the vehicle into a third-party's vehicle moments later. [Cf. id., at ¶¶ 8, 14]. Griffin died in the incident, and Plaintiffs seek to recover for his death.

The City and Shields timely filed a Motion to Dismiss the Complaint on November 16, 2020, [See Doc. 14], and they also moved for a stay of proceedings during the pendency of the Motion, which the Court subsequently granted. [Doc. 15, Mot. to Stay; Doc. 17, Order]. On November 19, 2020, Plaintiffs moved for entry of default judgment against Defendant Oliver Simmonds. [See Doc. 23]. On April 27, 2021, the Court scheduled a hearing on the Motion for May 6, 2021. [See Doc. 35, Order].

For the reasons that follow, the Court should not proceed with the default judgment hearing and defer ruling on Plaintiff's Motion. Resolving the

Motion now will complicate the case, while deferring any ruling promotes fairness to these Defendants and it preserves judicial resources.

## LEGAL STANDARD

District courts are granted broad discretion in the course of managing their dockets. See Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B, May 1981) ("It is clear that a district does, and indeed must, have the power to control and direct cases on its docket.").[1] Thus, a district court's decision made in the course of managing its docket is reviewed only for an abuse of discretion. Young v. City of Palm Bay, 358 F.3d 859, 863 (11th Cir. 2004). "[S]o long as the district court does not commit a clear error in judgment," its decision will be affirmed. Id.

## ARGUMENT

**The Court should defer ruling on Plaintiff's Motion for Default Judgment against Simmonds because doing so avoids the risk of inconsistent judgments, promotes fairness to the litigating parties, and preserves judicial resources.**

Although default has been entered against Defendant Simmonds, the City and Shields are still actively litigating this case. "[I]n cases involving

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

3

multiple defendants, some of whom are not in default, courts should withhold granting a default judgment until the trial of the action on the merits against the remaining defendants." Auto-Owners Ins. Co. v. Bailey, 378 F. Supp. 3d 1213 (M.D.Ga. 2019) (quotation omitted) (citing cases); see Lemache v. Tunnell Taxi Mgmt., LLC, 354 F. Supp. 3d 149, 152–56 (E.D.N.Y. 2019) (analyzing issue and ultimately denying motion for default judgment without prejudice); see also WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2690 (4th ed.). This rule is supported by principles of joint and several liability, notions of fairness to the litigating parties, and concerns for judicial economy.

First, in cases involving joint liability, there is a risk of inconsistent judgments if the litigating defendants are ultimately meritorious against the plaintiff. Lemache, 354 F. Supp. 3d at 152. In such cases, the default judgment must necessarily be set aside and judgment ultimately entered *against* the plaintiff notwithstanding the defaulting defendant. See Frow v. De La Vega, 82 U.S. 552, 554 (1872) ("But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike—the defaulter as well as the others."). Thus, more than a century ago the Supreme Court explained that a "final decree on the merits against the defaulting defendant alone, *pending the continuance of the cause*, would be incongruous and illegal." Id. (emphasis added). More importantly though, even

4

in cases involving defendants who are *not* jointly liable but "similarly situated," the Eleventh Circuit has explained that "sound policy" *still prohibits* the plaintiff from recovering against the defaulting defendant. Gulf Coast Fans, Inc. v. Midwest Elec. Imp., Inc., 740 F.2d 1499, 1512 (11th Cir. 1984).

Such is the case here. Section 1983 claims generally involve issues of joint and several liability. See Finch v. City of Vernon, 877 F.2d 1497, 1503 (11th Cir. 1989).[2] And while vicarious liability is nevertheless "inapplicable to . . . § 1983 suits," see Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009), the City and Shields are nevertheless entitled to defend against Plaintiffs' claims by demonstrating no underlying constitutional violation occurred. See Knight ex rel. Kerr v. Miami-Dade County, 856 F.3d 795, 821 (11th Cir. 2017); Campbell v. Sikes, 169 F.3d 1353, 1374, n.27 (11th Cir. 1999). Given this, there is an inherent risk of inconsistent judgments as to the parties' rights and liabilities, should the jury conclude that no underlying constitutional violation occurred (or this court at summary judgment) notwithstanding a default judgment against Simmonds.

Issues of liability on the underlying constitutional issue aside, there is also the risk for inconsistent damages awards, too, should the Court proceed

---

[2] But see Dean v. Gladney, 621 F.2d 1331, 1339 (5th Cir. 1980).

5

to enter default judgment against Simmonds and awarding damages to Plaintiffs at this time. Should that occur and a different amount of damages be awarded as to the City, Shields, or both, the Court would then be required to reconcile the damages award against Simmonds with any damages award against these Defendants, in order to ensure Plaintiffs' do not receive a double recovery. See Lemache, 354 F. Supp. 3d at 154 ("Were the Court to decide the default judgment motion, it would be in the position of calculating damages twice: first in resolving the default judgment application and then, if Dzhaniyev is found liable, at the completion of his case. This is both inefficient and potentially leads to two awards of unpaid wages that are at odds, even though it would be based on the same work performed by Sanaicela.").

Second, judicial economy also warrants deferring any ruling on Plaintiff's Motion until a later time. Entering default judgment against Defendant Simmonds at this time does nothing for Plaintiffs; it only wastes precious judicial resources. Practically speaking, Plaintiffs would still be prohibited from collecting on any award because the default judgment against Simmonds would not be a final judgment. See Fed. R. Civ. P. 54(b) (explaining that in cases involving multiple parties any order or decision however denominated does not act as a final judgment "and may be revised at any time before the entry of judgment adjudicating *all* the claims and all the parties'

rights and liabilities") (emphasis added). And in light of the intertwined liability and damages issues noted above, even a Rule 54 order would be improper. See Ebrahimi v. City of Huntsville Bd. of Educ., 114 F.3d 162, 167 (11th Cir. 1997) ("In instances such as this, when the factual underpinnings of the adjudicated and unadjudicated claims are intertwined, courts should be hesitant to employ Rule 54(b)."). Thus, even were the Court solely to determine Simmonds's liability, reserving a determination of damages, this still "does nothing" for Plaintiffs. See Lemache, 354 F. Supp. 3d at 155 ("A determination of liability against the defaulting Defendants does nothing for Sanaicela. . . . It would only be a partial resolution of the pending motion.").

Finally, in light of all this, "no discernable prejudice" accrues to Plaintiffs, since even *solely* resolving Simmonds's liability for default now "does not assist" Plaintiffs "in litigating the case" against the City and Shields. See Lemache, 354 F. Supp. 3d at 155 ("Any liability determination on default is based solely on the complaint and made solely for the purpose of calculating damages. Such a liability determination has no collateral estoppel or law of the case effect on the parties who are actually appearing."). At any juncture of this case, the default judgment does nothing for Plaintiffs with respect to the City and Shields, since it has no bearing on the case as to them. See Riberglass, Inc. v. Techni-Glass Indus., Inc., 811 F.2d 565, 567 (11th Cir. 1987) (holding district

7

court erred in granting summary judgment to plaintiff on account of a co-defendant's deemed admissions because they cannot bind the litigating defendant).

## CONCLUSION

In sum, resolving Plaintiffs' Motion at this time only creates more problems than it solves. The risk of inconsistent judgments and how to resolve such inconsistencies warrants holding Plaintiff's Motion in abeyance until a later time. Given that no prejudice accrues to Plaintiffs, and in light of the complications that would arise were the Motion to be resolved now, the Court should GRANT Defendants City of Atlanta and Erika Shields' Motion to Defer Ruling on Plaintiff's Motion for Default Judgment against Defendant Simmonds.

Respectfully submitted this 30th day of April, 2021.

**HALL BOOTH SMITH, P.C.**

/s/  *R. David Ware*
R. DAVID WARE
Georgia Bar No. 737756
RUSSELL A. BRITT
Georgia Bar No. 473664
PEARSON K. CUNNINGHAM
Georgia Bar No. 391024

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA  30303-1740
Tel:  (404) 954-5000
Fax:  (404) 954-5020
dware@hallboothsmith.com
rbritt@hallboothsmith.com
pcunningham@hallboothsmith.com

*Counsel for Defendants City of Atlanta and Erika Shields*

8

### RULE 7.1D CERTIFICATE

Pursuant to Local Rule 7.1D of the United States District Court of the Northern District of Georgia, the undersigned certifies that the foregoing submission to the Court complies with the typeface and style requirements in that it contains 13 point Century Schoolbook font.

                                                **HALL BOOTH SMITH, P.C.**

                                                /s/ *R. David Ware*

| | |
|---|---|
| | R. DAVID WARE |
| 191 Peachtree Street, N.E. | Georgia Bar No. 737756 |
| Suite 2900 | RUSSELL A. BRITT |
| Atlanta, GA 30303-1740 | Georgia Bar No. 473664 |
| Tel: (404) 954-5000 | PEARSON K. CUNNINGHAM |
| Fax: (404) 954-5020 | Georgia Bar No. 391024 |
| dware@hallboothsmith.com | |
| rbritt@hallboothsmith.com | *Counsel for Defendants City of* |
| pcunningham@hallboothsmith.com | *Atlanta and Erika Shields* |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing **Motion to Defer Ruling on Plaintiff's Motion for Default Judgment** with the Court using the CM/ECF System. Notice of this filing will be sent to all parties indicated on the electronic filing receipt.

| | |
|---|---|
| Eric S. Frederickson<br>Matthew S. Harman<br>**HARMAN LAW FIRM, LLC**<br>3375 Piedmont Rd. NE,<br>Bldg. 15, Ste. 1040<br>Atlanta, GA 20505<br>efrederickson@harmanlaw.com<br>mharman@harmanlaw.com | Alex R. Merritt<br>**DeWoskin Law Firm, LLC**<br>535 North McDonough St.,<br>Decatur, GA 30030<br>alex@atlantatrial.com |

This the 30th day of April, 2021.

**HALL BOOTH SMITH, P.C.**

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA  30303-1740
Tel:   (404) 954-5000
Fax:   (404) 954-5020
dware@hallboothsmith.com
rbritt@hallboothsmith.com
pcunningham@hallboothsmith.com

/s/  *R. David Ware*
R. DAVID WARE
Georgia Bar No. 737756
RUSSELL A. BRITT
Georgia Bar No. 473664
PEARSON K. CUNNINGHAM
Georgia Bar No. 391024

*Counsel for Defendants City of Atlanta and Erika Shields*