IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GAYSHA GLOVER and COURTNEY GRIFFIN, individually and on behalf of the ESTATE OF D'ETTRICK GRIFFIN<br><br>*Plaintiffs*,<br><br>*versus*<br><br>CITY OF ATLANTA; ERIKA SHIELDS; OLIVER SIMMONDS; and DOES 1–5,<br><br>*Defendants*. | Civil Action File No.<br>1:20-cv-04302-SDG<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS CITY OF ATLANTA AND ERIKA SHIELDS' MOTION TO DEFER RULING ON PLAINTIFFS' MOTION FOR DEFAULT** |

**INTRODUCTION**

On November 19, 2020, Plaintiffs filed a motion for default judgment against Defendant Simmonds and asked the Court to hold an evidentiary hearing to determine the amount of the damages. On April 27, 2021, the Court set the requested hearing for May 6, 2021. Inexplicably, five months after Plaintiffs' motion was filed, Defendants City of Atlanta and Erika Shields ("Defendants") have filed a motion opposing Plaintiffs' request for a damages hearing.

Defendants have attempted to be on every side of every issue, alternately asserting that: (1) they cannot possibly be liable for Simmonds' conduct ([Doc. 14-

1

1 at 12]); (2) there may be issues of joint and several liability between them and Simmonds ([Doc. 38 at 4–5]); and (3) a default judgment against Simmonds would have "no bearing on the case as to them" ([Doc 38 at 7]).  The motion should be denied on both procedural and substantive grounds.

I.     **Defendants' Motion Is Untimely.**

Regardless of what Defendants title it, substantively their "motion" is a response to Plaintiffs' Motion for Default.  The substance of the filing, not the title, must govern the applicable procedures and deadlines.  Otherwise, the deadlines in the federal and local rules would be unenforceable.  At any time a party could simply file a "motion" asking the Court not to do what another party's pending motion asks the Court to do, and no deadline would apply.  And that is exactly what Defendants are attempting to do here.  Accordingly, Defendant's motion must be treated as a response to Plaintiffs' November 19, 2020 Motion for Default.

Pursuant to Local Rule 7.1.B.:

Any party opposing a motion shall serve the party's response, responsive memorandum, affidavits, and any other responsive material not later than fourteen (14) days after service of the motion, except that in cases of motion for summary judgment the time shall be twenty-one (21) days after the service of the motion. Failure to file a response shall

indicate that there is no opposition to the motion.

Plaintiffs' Motion for Default was filed and served on November 19, 2020. [Doc. 23]. Accordingly, "any party opposing [that] motion" was required to serve a response by December 3, 2020. N.D. Ga. L.R. 7.1.B. Since Defendants did not do that, it "indicate[s] that there is no opposition to the motion." *Id.* The Court should wholly reject to consider Defendants so-called motion because it was filed nearly half a year past the applicable deadline.

## II. Defendants Cannot Now Ask the Court to Deny Entering Default Judgment Because They May Be Liable to Satisfy the Judgment

Defendants indicate, for the first time, that they intend to attempt to prove that Defendant Simmonds did not commit any constitutional violation when he shot Plaintiffs' unarmed son in the back, twice. [Doc. 38 at 5]. Atlanta now argues that the Court should not grant default judgment against Defendant Simmonds because Atlanta may be liable for such a judgment. [Doc. 38 at 4–5].

### A. Georgia Does Not Have Joint and Several Liability

First, Defendants argue that they are jointly and severally liable for Defendant Simmonds' conduct. [Doc. 38 at 4–5]. They further argue that there could be "inconsistent" damages awards. *Id.*

Damages here, however, are determined by the law of the state in which the Court is situated. *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 598 (6th Cir. 2006) ("It

is undisputed that Michigan law is controlling in this instance and, therefore, we must apply Michigan's civil damages laws to this action."); *Bowling v. Oldham*, 753 F. Supp. 588, 590 (M.D.N.C. 1990) ("The court finds as fact that there is no federal statutory law governing the measure of damages in wrongful death actions brought pursuant to § 1983, and, therefore, it is compelled by § 1988 to use the law of North Carolina . . . .").

Georgia has abolished joint and several liability. O.C.G.A. § 51-12-33 (the trier of fact must "apportion its award of damages among the persons who are liable according to the percentage of fault of each person").

### B. Defendants Willingly Chose Not to Defend the Claims

Second, regardless of joint and several liability, Defendants' may be liable for claims against their employee for a variety of reasons. Yet Defendants had every opportunity to defend those claims, just like Defendant Simmonds. Defendants chose not to defend the claims, just like Defendant Simmonds.

Defendant Simmonds remains an employee of the Atlanta Police Department. [Doc. 14-1 at 4 ("Oliver Simmonds is an APD officer and was a member of Mayor Keisha Lance Bottoms' Executive Protection Unit")]. Yet Defendants have made an intentional and undoubtedly thoroughly calculated decision not to provide insurance coverage or a defense for Plaintiffs' claims

against Defendant Simmonds. Defendants seek to provide a defense of Simmonds' conduct that inures to their benefit only, and not to Simmonds', while frustrating Plaintiffs' ability to recover their damages. In other words, as the saying goes, Defendants want to have their cake and eat it too.

Defendants were well aware that their employee was choosing not to defend the claims against him. Defendants Atlanta and Shields also chose not to defend those claims. Defendants now ask the Court not to adjudicate the claims because they may be liable for them. The Court should not condone these tactics. The fact remains that the claims have not been defended by any of the defendants, liability for them has been admitted by entry of default, and all that remains is a determination of the damages.

### III.    Delay Prejudices the Plaintiffs

Finally, Defendants argue that "'no discernable prejudice' accrues to Plaintiffs, since even *solely* resolving Simmonds's liability for default now 'does not assist' Plaintiffs 'in litigating the case' against the City and Shields." [Doc. 38 at 7].

First, the Court need not "resolve[] Simmonds's liability." Defendant Simmonds has admitted liability by failing to plead. *See, e.g.*, *Morales v. MW Bronx, Inc.*, No. 15-cv-6296 (TPG), 2016 U.S. Dist. LEXIS 100422, at *14

(S.D.N.Y. Aug. 1, 2016) ("The complaint alleges that all of the violations were undertaken 'knowingly, intentionally and willfully,' . . . and plaintiffs' well-pleaded allegations are deemed admitted due to defendants' default"); *SEC v. One Or More Unknown Traders in the Common Stock of Certain Issuers*, 825 F. Supp. 2d 26, 31 (D.D.C. 2010) ("The defendants' default constitutes an admission of liability for the well-pleaded allegations in the complaint."); *Virgin Records Am. Inc. v. Johnson*, 441 F. Supp. 2d 963, 965 (N.D. Ind. 2006) ("As Defendant has failed to appear and respond to Plaintiffs' charges in this matter, Defendant is deemed to have admitted the conduct alleged in Plaintiffs' complaint."). All that is left for the Court to resolve is Plaintiffs' damages.

Second, whether a judgment against Simmonds "assist[s] Plaintiffs in litigating the case against the City and Shields" is irrelevant. Plaintiffs are entitled to a "just, speedy, and inexpensive determination" of their claims against Simmonds regardless of whether it "assists" Plaintiffs in other claims against other parties. FED. R. CIV. P. 1. And "justice delayed is justice denied[.]" *Hyde v. Irish*, 962 F.3d 1306, 1309 (11th Cir. 2020).

## IV. Defendants Multiple, Directly Contradictory Positions are Concerning

In their motion to dismiss, Defendants adamantly assert that they are not liable for Simmonds' acts. [Doc. 14-1 at 12]. Here, they argue that there are

6

issues of joint and several liability and that the parties are "similarly situated." [Doc. 38 at 4–5]. Defendants then reverse course yet again and assert: "At any juncture of this case, the default judgment [against Simmonds] does nothing for Plaintiffs with respect to the City and Shields, *since it has no bearing on the case as to them*." [Doc 38 at 7 (emphasis added)].

Defendants also argue that there could be inconsistent judgments if the Court enters a default judgment against Simmonds and the remaining Defendants later prove that Simmonds did not commit any tort. [Doc. 38 at 5]. Defendants simultaneously argue that a default judgment has no collateral estoppel or law of the case effect on the parties who do not default. [Doc. 38 at 7].

Plaintiffs are at a loss for how to rebut these varying claims since they rebut themselves. Ultimately, Defendants Atlanta and Shields should be taken at their word. If they contend that a default judgment against Simmonds "has no bearing on the case as to them[,]" then their very late motion opposing that default judgment can be disregarded.

## CONCLUSION

Defendants' motion is untimely and should be disregarded. In the event the Court considers the substance of the motion, it should be denied for the reasons explained above.

7

**DATED**:  May 3, 2021.

/s/Eric S. Fredrickson
Eric S. Fredrickson
Georgia Bar No. 489783
Matthew S. Harman
Georgia Bar No: 327169

**HARMAN LAW FIRM LLC**
3575 Piedmont Road, NE
Bldg 15, Suite 1040
Atlanta, GA 30505
Telephone:  (404) 554-0777
Facsimile:  (404) 424-9370
Email:  mharman@harmanlaw.com
              efrederickson@harmanlaw.com

Alex R. Merritt
Georgia Bar No. 143308
DeWoskin Law Firm, LLC
535 North McDonough Street
Decatur, Georgia 30030
alex@atlantatrial.com
(404) 987-0026

***Attorneys for Plaintiffs***

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1B. This pleading has been prepared in Times New Roman font, 14 point.

## CERTIFICATE OF SERVICE

I certify that today I served a true and correct copy of the following document using the Court's CM/ECF system, which will automatically serve a copy on all counsel of record.

**DATED**:  May 3, 2021.

/s/Eric S. Fredrickson
Eric S. Fredrickson
Georgia Bar No. 489783