**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION**

GAYSHA GLOVER and COURTNEY GRIFFIN, individually And on behalf of the ESTATE OF D'ETTRICK GRIFFIN,

*Plaintiffs*

vs.

CITY OF ATLANTA, ERIKA SHIELDS, OLIVER SIMMONDS and DOES 1–5,

*Defendants.*

**Civil Action File No.**
1:20-cv-04302-SDG

**DEFENDANT OLIVER SIMMONDS' MOTION TO SET ASIDE THE CLERK'S ENTRY OF DEFAULT FOR GOOD CAUSE SHOWN WITH ARGUMENT AND CITATIONS TO AUHORITY**

**COMES NOW,** Defendant Officer Simmonds, pursuant to Local Rule 7.1(A)(1) and Federal Rule of Civil Procedure 55(C) by and trough the undersigned counsel and moves to set aside the Clerk's entry of default in this matter for **good cause**. Officer Simmonds' **good cause** is predicated upon two events: I) Plaintiff's failure to perfect service pursuant to Federal Rules of Civil Procedure 4 (C)(3) and II) Defendant's mistaken failure to answer or otherwise challenge Plaintiff's insufficient process and/or insufficient service of process. Also, contemporaneously with the filing of his Motion to Set Aside the Clerk's Entry of Default, Officer Simmonds files his Answer and an Application for

Extension of Time for its' filing and the Court's acceptance of the same.

## INTRODUCTION

Officer Simmonds files this Brief (Memorandum of Law) in Support of his Motion to Set Aside the clerk's entry of default entered against him. More specifically, Officer Simmonds by and through his counsel of record states that Plaintiffs seek to invoke the rules of the Court without having first complied with the same. Officer Simmonds further states by and through his affidavit that his failure to answer was not intentional nor a disrespect to judicial process and/or procedure. Instead, it was predicated upon inadvertent mistake and misunderstanding. Furthermore, Plaintiff will not be prejudiced by the reopening of default as discovery has yet to commence in this matter and the Defendant City of Atlanta's Motion to Dismiss has yet to be resolved. Finally, Officer Simmonds has a meritorious immunity defenses as well as legitimate fact-based denials to Plaintiff's claims. For the reasons set forth more fully below, Officer Simmonds respectfully request the Court finds the existence of **good cause**

to set aside the clerk's entry of default entered against him pursuant to Rule 55(c) of the Federal Rules of Civil Procedure.

## STATEMENT OF PIVOTAL FACTS AND STATEMENT OF THE CASE

Officer Simmonds shows the Court that while Plaintiff used a private process server, as opposed to requesting and using the United States marshal or deputy marshal, Plaintiff failed to obtain an Order from the Court specially appointing Muhsin S. Hassan as the service agent in this matter. See, (Ex. 1 Docket) in violation of Federal Rules of Civil Procedure 4(C)(3). Therefore, the service in this case, as against Officer Simmonds, has not been perfected.

Furthermore, Officer Simmonds shows the Court that he is an eleven (11) year veteran of the Atlanta Police Department. See, (Ex. 2-Affidavit of Officer Simmonds, ¶ 2, 6). At all-times relevant hereto Officer Simmonds was acting within the scope of his employment. At no time relevant hereto did Officer Simmonds 'actions violate clearly established law of which a reasonable officer should have known, and nor did he act, at any time relevant hereto with malice and/or without legal justification. See, (Ex. 2-Affidavit of Officer Simmonds, ¶¶ 4-6).

## ARGUMENT AND CITATION OF AUTHORITY

### I. GOOD CAUSE EXISTS TO REOPEN DEFAULT BECAUSE OFFICER SIMMONDS DID NOT ACT WIFULLY, PLAINTIFF WILL NOT BE PREJUDICED BY REOPENING DEFAULT, AND OFFICER SIMMONDS HAS A MERITORIOUS DEFENSES TO PLAINTIFFS' CLAIMS.

Fed. R. Civ. P. 55(c) provides that the Court may set aside a clerk's entry of default if the defaulting party can show "good cause." In *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88F.3d 948 (11th Cir. 1996), the Eleventh Circuit set forth guidelines to determine whether "good cause" exists to set aside an entry of default:

> "'Good cause' is a mutable standard, varying from situation to situation. It is also a liberal one-but not so elastic as to be devoid of substance." [*Cite omitted*]. Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense. [*Cites omitted*]. We note, however, that these factors are not talismanic, and that courts have examined other factors including whether the public interest was implicated, whether there was significantfinancial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default.

Id. at 951. It is well settled that "when setting aside a default as opposed to vacating a default judgment, it is not always necessary that the neglect or oversightbe excusable." *Rasmussen v. W. E. Hutton & Co.*, 68 F.R.D. 231, 235 (N.D. Ga.

1975) citing *Bavouset v. Shaw's of San Francisco*, 43 F.R.D. 296, 298 (S.D.Tex. 1967). For the reasons set forth more fully below, Officer Simmonds respectfully submits that there is good cause to set aside the entry of default and he respectfully requests that the Court grants the same.

**A. Officer Simmonds default was not willful as he maintained a reasonable, but mistaken belief that he was receiving a courtesy copy of Plaintiff's Complaint.**

One factor the Court can consider is whether there is evidence that the defaulting party acted willfully in failing to file responsive pleadings. In *African Methodist Episcopal Church v. Ward*, 185 F.3d 1201 (11th Cir. 1999), the Eleventh Circuit reversed the district court's grant of the defendant's motion to set aside default where there was evidence that the defendant willfully failed to respond to the plaintiff's complaint. In *Ward*, after the defendants stubbornly refused to waive formal service, the plaintiff paid for the county sheriff to serve each defendant personally. The county sheriff explained to each defendant the purpose of service of process, discussed the lawsuit with them and told them of their obligation to respond. In accordance with the pastor's instruction, the defendants ignored all legal papers they received from the plaintiff and, after a hearing, a default judgment was entered against both defendants granting the plaintiff's relief. The district court granted the defendants' subsequent motion to set aside opining – without substantive justification – that the case should be decided on the merits.

In reversing the district court, the Eleventh Circuit held that the Court's need to compel participation from civil litigants outweighed the notion that each side should have an opportunity to be heard. Because the defendants did not provide a satisfactory reason for their failure to respond, the default and default judgment should be reinstated. *Id*. at 1202. In *Hinson v. Webster Indus.*, 240 F.R.D. 687 (M.D.Ala. 2007), the defendantWebster Industries sought to set aside the entry of default. The facts demonstrated that there was an internal administrative "breakdown in the processes normally employed . . . to make sure that service of process of legal documents was not ignored." *Id*. at 693. The district court held that, even if the defendant's actions did not constitute excusable neglect, the defendant's "reason for failing to respond to the complaint [was] plausible and that Defendant did not act willfully or deliberately in a manipulative attempt to delay the litigation." *Id*.

In the case at bar, the evidence demonstrates a factual scenario like that in *Hinson* versus that of *Ward*. Officer Simmonds affidavit admits that he received a copy of the subject complaint. See, (Ex. 2-Officer Simmonds' Affidavit, ¶ 8) However, unlike the defendants in *Ward*, the process server did not inform Officer Simmonds that he was serving him with a lawsuit or that there was a response was required. (Id). In fact, the process server, when Officer Simmonds inquired about the package that was handed him was told by the private process server that he did not know what he was serving Officer Simmonds. See, (Ex. 2-Officer Simmonds' Affidavit, ¶ 8).

Upon review of the Private Process Server's package, because it contained Officer Simmonds name along with the City of Atlanta's name, Officer Simmonds thought he was receiving a courtesy of another stack of documents related to his existing lawsuit arising out of the same operable facts. See, (Ex. 2-Officer Simmonds' Affidavit, ¶¶ 8-10). More specially, on or about April 6, 2020 Officer Simmonds was served with a lawsuit that was filed in the State Court of Fulton County. That case, like this case, listed the City of Atlanta and Officer Simmonds as Defendants. Officer Simmonds was defended by the City of Atlanta Law Department and Hall Booth Smith in said case and therefore thought that he was also being represented by them in the present case. At no time relevant hereto did Officer Simmonds realize, understand, or apprehend that he was required to respond to what he thought was a courtesy copy or duplicate documents. See, (Ex. 2-Officer Simmonds' Affidavit, ¶¶ 8-10)

Furthermore, there is no evidence that Officer Simmonds acted to ignore Plaintiffs' Complaint. Officer Simmonds believed that there was no need for his action as he already was being represented by the City of Atlanta Law Department concerning this matter. Like the defendant in *Hinson*, Officer Simmonds' inadvertent failure to respond to the subject Complaint was the result of a mix- up. Officer Simmonds testified that he learned of the existence of a lawsuit involving the same set of facts operable in the case in April of 2020 and completed the request for legal representation form per department protocol. From an administrative standpoint, he believed that there was nothing more to do. He had

counsel. Once he realized that Plaintiffs were seeking default he acted promptly, contacted, and hired the undersign. There is absolutely no evidence that Officer Simmonds has acted "deliberately in a manipulative attempt to delay the litigation." Therefore, Officer Simmonds submit that there is no evidence of willful failure and the default judgment should be set aside.

**B. There is no prejudice to Plaintiffs in setting aside the default judgment as discovery has not commenced and this matter is pending a motion to dismiss.**

In deciding whether a party will be prejudiced upon reopening a default, courts will sometimes consider whether the delay "will impose additional costs on the litigant not in default, as well as other burdens that may be unreasonable." 10A Fed. Prac. & Proc. Civ. § 2699 (3d ed.); *Seanor v. Bair Transp. Co. of Del., Inc.*,54 F.R.D. 35, 36 (D.C.Pa. 1971)(denial of motion to set aside default on eve oftrial where defendant failed to respond to critical discovery and plaintiff relied on entry of default for thirteen months).

**C. Officer Simmonds has the meritorious defenses of qualified and official immunity with respect to Plaintiffs' federal and state claims.**

"In assessing a defendant's meritorious defense, 'the likelihood of success is not the measure. [Defendant's] allegations are meritorious if they contain even a hint of suggestion, which, if proven at trial, would constitute a complete defense.'" *Tyco Fire & Sec. v. Alcocer*, 2009 WL 789657, *3 (S.D. Fla. 2009) citing *Sobkowski v. Wyeth, Inc.*, 2004 WL 3569703, *3 (M.D.Fla. 2004). In the case at bar, in addition to the

factual denials set forth in his Answer, Officer Simmonds is entitled to qualified immunity and/or official immunity on the subject claims.

With respects to Plaintiffs' **federal law claims** "Qualified immunity protects government officials performing discretionary functions from civil trials [ ] and from liability if their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known." *Lassiter v. Alabama A&M Univ. Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994)(en banc)(quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *McCoy v. Webster*, 47 F.3d 404, 407 (11th Cir. 1995)(quoting *Malley v. Briggs*, 475 U.S. 335, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986)). The two questions that would arise in determining whether Officer Simmonds is entitled to qualified immunity are: (1) whether the evidence viewed in the light most favorable to Simmonds shows a violation of a constitutional right; and (2) that the constitutional right was clearly established at the time, meaning that a reasonable person should have known that the conduct violated that right. *Durruthy v. Pastor*, 351 F.3d 1080, 1087 (11th Cir. 2003).

In *Johnson v. City of Ft. Lauderdale*, 126 F.3d 1372 (11th Cir. 1997), the plaintiff, an African American member of the City of Ft. Lauderdale Fire Department, filed suit against certain members of the City of Ft. Lauderdale Fire Department relating to his demotion following allegations of insubordination among

other things. The Eleventh Circuit granted qualified immunity to the defendants finding that:

> [even assuming] that the employees were motivated in part by substantial prejudice, [we] held that theynonetheless were entitled to qualified immunity sincetheir conduct was "objectively reasonable" in light of the doctrines enunciated in *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 284-87, 97 S.Ct. 568, 574-76, 50 L.Ed.2d 471 (1977)(holding that state official can act lawfully even when motivated by a dislike for protected behavior); and *Village of Arlington Hts. v. Metropolitan Housing Dev.*, 429 U.S. 252, 269- 71, 97 S.Ct. 555, 565-66, 50 L.Ed.2d 450 (1977)(holding that state official can act lawfully even when motivated by hostility toward a certain protected class). Id. at 1379.

In the case at bar,

Under **state law**, the sovereign immunity enjoyed by counties extends to county officials through the derivative doctrine of "official immunity." Ga. Const.,Art. I, § 2, ¶ 9(d). Official immunity is intended to keep public employees from quitting for fear of liability, and to promote the vigorous discharge of their official functions. The Georgia Supreme Court has interpreted the term "official function" as used in the Constitution, to mean "any act performed within the officer's or employee's scope of authority, including both ministerial and discretionary acts." Gilbert v. Richardson, 264 Ga. 744, 753, 452 S.E.2d 476, 483 (1994).

More specifically, as the Georgia Court of Appeals held in Price v. Owen, 67 Ga. App. 58, 19 S.E.2d 529 (1942):

> [f]or reasons of private interest and public policy ... [an] officer cannot be called on to respond in damages to a private individual for the honest exercise of his judgment . . . however erroneous or misguided his judgment

> may be, 'For their authority is fixed by laws which those who deal with them are as much bound to know as are the officers themselves. Otherwise, not only would it be difficult to get responsible men to fill public office, but there would be constant temptation to yield officially to unlawful demands, lest private liability be asserted and enforced... In matters of ministerial duty, they may [] be liable for nonfeasance as well as misfeasance, for mistakes and neglects (cit. omitted); but in matters of judgment and discretion they are liable only if they act willfully, corruptly or maliciously.' (cit. omitted).

Id, 19 S.E.2d at 531. When a governmental official is sued in his individual capacity, the distinction between ministerial and discretionary acts comes into play. Holloway v. Doughtery County School System, 157 Ga. App. 251, 253, 277 S.E.2d 251, 253 (1981). Only if the acts complained of are ministerial can the official be held liable. However, if the acts complained of are discretionary, then there is no liability unless the official acted with "willfulness, malice, or corruption." Id. (quoting Hennessy v. Webb, supra). A discretionary act "calls for the exercise of personal deliberation and judgment and includes examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed." Teston v. Collins, 217 Ga. App. 829, 459 S.E.2d 452 (1995). The determination of whether an act is discretionary or ministerial "'turns on the character of the specific act, not the general nature of the official's position. [cits.]'"Schmidt v. Adams, 211 Ga. App. 156, 438 S.E.2d 659, 660 (1993) (citations omitted). At all times relevant hereto Officer Simmonds was performing a discretionary function and if the averred facts are construed in his favor, he carries a meritorious defense that his actions are void of corruption and malicious conduct. Therefore, the Clerk's entry of default should be set

aside, and this case be allowed to proceed on its merits.

## II. GOOD CAUSE EXISTS TO REOPEN DEFAULT BECAUSE PLAINTIFFS' HAVE NOT PERFECED SERVICE AGAISNT OFFICER SIMMOND.

Plaintiff used a private process server, as opposed to requesting and using the United States marshal or deputy marshal and then failed to obtain an Order from the Court specially appointing  Muhsin S. Hassan as the service agent in this matter. (Ex. 1 Docket). Federal Rules of Civil Procedure 4(C)(3) requires an Order from the Court before a private process server may be employed. Plaintiffs skipped that requirement. Therefore, the service in this case, as against Officer Simmonds, the City of Atlanta and Shields, have not been perfected, is insufficient, and improper. Therefore, Officer Simmonds shows good cause as to why the Clerk's entry of default should be set aside.

## CONCLUSION

The evidence presented does not demonstrate that Officer Simmonds failure to respond was based upon anything other than an inadvertent misunderstanding. Under the lesser standard of "good cause" set forth in Fed. R. Civ. 55(c), Officer Simmonds satisfies all the elements necessary for this Court to set aside the clerk's entry of default against him. For this reason and because Plaintiffs failed to perfect service, Officer Simmonds illustrates good cause for the Court's grant of their Motion to Set Aside the Clerk's entry of default.

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed Officer Simmonds' **MOTION TO SET ASIDE DEFAULT JUDGMENT** with the Clerk of the Court using the CM/ECF system, which will automatically serve a copy on all counsel of record:

Eric S. Fredrickson
Matthew S. Harman
**HARMAN LAW FIRM LLC**
3575 Piedmont Road, NE Bldg 15, Suite 1040
Atlanta, GA 30505
efrederickson@harmanlaw.com
mharman@harmanlaw.com

Alex R. Merritt
**DeWoskin Law Firm, LLC**
535 North McDonough Street
Decatur, Georgia 30030
alex@atlantatrial.com

R. David Ware
**Hall Booth Smith, P.C., Attorneys at Law**
191 Peachtree Street
Suite 2900
Atlanta, GA 30303
dware@hallboothsmith.com

This 6th day of May 2021.

/s/R.K. Starkey
Rory K. Starkey
Georgia Bar No. 676450
*Attorney for Defendant*

**HILLIARD STARKEY LAW**
561 Thornton Road, Suite G
Lithia Springs, GA 30122
Telephone: (678) 909-2096
Facsimile: (678) 623-5767
rkstarkey@hstarlaw.com