## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

GAYSHA GLOVER, and
COURTNEY GRIFFIN, individually
and on behalf of the ESTATE OF
D'ETTRICK GRIFFIN,

    *Plaintiffs,*

v.

CITY OF ATLANTA; ERIKA
SHIELDS; OLIVER SIMMONDS,
and DOES 1–5,

    *Defendants.*

CIVIL ACTION FILE
NO. 1:20-CV-04302-SDG

---

## DEFENDANT CITY OF ATLANTA'S FIRST AMENDED ANSWER TO PLAINTIFFS' COMPLAINT

---

Comes now the City of Atlanta and for its First Amended Answer to Plaintiffs' Complaint shows the Court as follows:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims against Erika Shields were properly dismissed by the Court. [See Doc. 50].

1

**THIRD DEFENSE**

Plaintiffs' state law claim under the Georgia Open Records Act was properly dismissed by the Court. [See Doc. 50].

**FOURTH DEFENSE**

No actions were taken to deprive Plaintiffs of any right, privilege, freedom or immunity secured by the Constitution and laws of the United States of America, the Constitution and laws of the State of Georgia, or the Charter and Code of Ordinances of the City of Atlanta.

**FIFTH DEFENSE**

Insofar as Plaintiffs have been affected by the conduct of the City, its officials, and employees, said actions were reasonable, proper, and necessary under the circumstances and were taken in the good faith exercise of their duties and responsibilities imposed by law.

**SIXTH DEFENSE**

The City is entitled to governmental and/or sovereign immunity.

**SEVENTH DEFENSE**

Plaintiffs fail to state a claim for punitive damages against the City.

## EIGHTH DEFENSE

No policy, custom, act, or omission of the City caused a constitutional violation or contributed to the damages alleged in the Plaintiffs' Complaint.

## NINTH DEFENSE

The damages alleged in the Plaintiffs' Complaint were not proximately caused by any actions of the City or any of its agents, employees, or representatives and accordingly there can be no recovery from the City.

## TENTH DEFENSE

The City raises all available affirmative defenses set forth in Fed. R. Civ. P. 8(c).

## ELEVENTH DEFENSE

Plaintiff's claims are barred by contributory and/or comparative negligence.

## TWELFTH DEFENSE

For a twelfth defense, the City hereby responds to the Plaintiffs' Complaint as follows:

## INTRODUCTION

1.     The City admits that Atlanta Police Department ("APD") Officer Oliver Simmonds shot D'Ettrick Griffin on January 15, 2019, and that Griffin

subsequently died. The City denies the remaining allegations in Paragraph 1 as pleaded.

2.     The City is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2, and thus, it can neither admit nor deny the same. Therefore, the allegations stand denied.

3.     The City denies the allegations in Paragraph 3.

4.     The City denies the allegations in Paragraph 4.

## DETAILED BACKGROUND

**I.     D'Etrick's Murder[1]**

5.     The City admits the allegations of Paragraph 5.

6.     The City admits the allegations of Paragraph 6.

7.     The City denies the allegations in Paragraph 7.

8.     Admitted that Griffin subsequently entered the vehicle. The remaining allegations in Paragraph 8 are denied.

9.     The City denies the allegations in Paragraph 9.

10.     The City denies the allegations in Paragraph 10.

---

[1] The City objects to Plaintiffs' characterizations and implicit allegations in the division headings of the factual allegations of the Complaint. The City only includes them here for ease of reference, but the inclusion of them here should not be taken as a response to the content.

11.     The City denies the allegations in Paragraph 11.

12.     The City denies the allegations in Paragraph 12.

13.     The City only admits that one or more shots were fired. The remaining allegations in Paragraph 13 are denied.

14.     The City denies the allegations in Paragraph 14.

15.     The City denies the allegations in Paragraph 15.

16.     The City denies the allegations in Paragraph 16.

17.     The City denies the allegations in Paragraph 17.

18.     The City denies the allegations in Paragraph 18.

19.     The City denies the allegations in Paragraph 19.

20.     The City denies the allegations in Paragraph 20.

21.     The City denies the allegations in Paragraph 21.

22.     Upon information and belief, the allegations in Paragraph 22 are admitted.

23.     The City denies the allegations in Paragraph 23.

24.     The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 24. Those allegations therefore stand denied.

25.     The City admits the allegations in Paragraph 25.

26.    Upon information and belief, the City admits the allegations in Paragraph 26.

27.    The City admits the allegations of paragraph 27.

28.    The City denies the allegations in Paragraph 28.

29.    The City denies the allegations in Paragraph 29.

30.    The City denies the allegations in Paragraph 30.

31.    Upon information and belief, the City only admits that Officers Wiggens and Welkin completed some form of incident report. The remaining allegations in Paragraph 31 are denied.

32.    Upon information and belief, the City admits the allegations in Paragraph 32.

33.    Upon information and belief, the City admits that Officer Simmonds was refueling his APD vehicle around the time of the incident. The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 33. Those allegations therefore stand denied.

34.    The City admits the allegations of paragraph 34.

35.    The City denies the allegations in Paragraph 35.

## II.   <u>APD's Cover-Up and Violation of the Georgia Open Records Act[2]</u>

By way of initial response to the allegations contained in Paragraphs 36 through 51, the City states that the Court declined to exercise supplemental jurisdiction over any ORA claim asserted by Plaintiffs, and thus, the factual allegations contained in Paragraphs 36 through 51 are not relevant and no response by the City is required. Furthermore, the City denies all allegations to the extent such allegations impute liability on the City. To the extent a response is required, the City responds specifically to each numbered allegation as follows.

36.    Upon information and belief, the City admits that Plaintiffs or their agents submitted a request for information or documents on or around January 22, 2019. The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 36. Those allegations therefore stand denied.

37.    The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 37. Those allegations therefore stand denied.

38.    The City denies the allegations in Paragraph 38.

---

[2] <u>See</u> note 1, <u>supra</u> (expressly objecting to the characterizations in Plaintiffs' division headings).

39.    The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 39. Those allegations therefore stand denied.

40.    Upon information and belief, it is admitted that Plaintiffs or their agents submitted subsequent communications to the City regarding their requests for documents or information. The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 40. Those allegations therefore stand denied.

41.    Upon information and belief, the City admits that communications were exchanged beginning around February 2019 between Plaintiffs or their agents and officials with the City regarding Plaintiffs' requests for documents or information. The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 41. Those allegations therefore stand denied.

42.    Upon information and belief, the City admits that communications were exchanged beginning around February 2019 between Plaintiffs or their agents and officials with the City regarding Plaintiffs' requests for documents or information. The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 42. Those allegations therefore stand denied.

43. Upon information and belief, the City admits that communications were exchanged beginning around February 2019 between Plaintiffs or their agents and officials with the City regarding Plaintiffs' requests for information or documents. The City further admits that during this time, it was constrained by the ORA in what information it could release pursuant thereto. The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 43. Those allegations therefore stand denied.

44. Upon information and belief, the City admits that communications were exchanged beginning in February 2019 between Plaintiffs or their agents and officials with the City regarding Plaintiffs' requests for information or documents. The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 44. Those allegations therefore stand denied.

45. Upon information and belief, the City admits that communications were exchanged beginning in February 2019 between Plaintiffs or their agents and officials with the City regarding Plaintiffs' requests for information or documents. The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 45. Those allegations therefore stand denied.

9

46.   Upon   information   and   belief,   the   City   admits   that communications   were   exchanged   beginning   in   February   2019   between Plaintiffs  or  their  agents  and  officials  with  the  City  regarding  Plaintiffs' requests for information or documents. The City lacks sufficient knowledge or information  to  form  a  belief  as  to  the  truth  or  falsity  of  the  remaining allegations in Paragraph 46. Those allegations therefore stand denied.

47.   Upon   information   and   belief,   the   City   admits   that communications   were   exchanged   beginning   in   February   2019   between Plaintiffs  or  their  agents  and  officials  with  the  City  regarding  Plaintiffs' requests for information or documents. The City lacks sufficient knowledge or information  to  form  a  belief  as  to  the  truth  or  falsity  of  the  remaining allegations in Paragraph 47. Those allegations therefore stand denied.

48.   Upon   information   and   belief,   the   City   admits   that communications   were   exchanged   beginning   in   February   2019   between Plaintiffs  or  their  agents  and  officials  with  the  City  regarding  Plaintiffs' requests for information or documents. The City lacks sufficient knowledge or information  to  form  a  belief  as  to  the  truth  or  falsity  of  the  remaining allegations in Paragraph 48. Those allegations therefore stand denied.

49.   The City denies the allegations in Paragraph 49.

50.   The City denies the allegations in Paragraph 50.

51.     The City denies the allegations in Paragraph 51.

**III.   <u>Prelitigation Posture</u>[3]**

52.     The City admits that Plaintiffs sent the correspondence attached as Exhibit 1. The City denies the remaining allegations in Paragraph 52.

53.     The City denies the allegations in Paragraph 53.

54.     The City denies the allegations in Paragraph 54.

55.     The City denies the allegations in Paragraph 55.

**IV.   <u>Defendants Simonds's History of Violence</u>[4]**

56.     The City denies the allegations in Paragraph 56.

57.     Upon information and belief, the City only admits that it was made aware of an incident between Simmonds and another that occurred on or around June 6, 2012. The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 57. Those allegations therefore stand denied.

58.     Upon information and belief, the City denies the allegations in Paragraph 58.

---

[3] <u>See</u> note 1, <u>supra</u> (expressly objecting to the characterizations in Plaintiffs' division headings).

[4] <u>See</u> note 1, <u>supra</u> (expressly objecting to the characterizations in Plaintiffs' division headings).

59.     Upon information and belief, the City only admits that Simmonds was arrested in connection with an incident occurring on or around that date. The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 59. Those allegations therefore stand denied.

60.     Upon information and belief, the City admits that Simmonds remained employed with APD after the incident. The City otherwise denies the remaining allegations in Paragraph 60.

61.     Upon information and belief, the City admits that Simmonds was suspended without pay for approximately five days in connection with APD's review of the incident. The City otherwise denies the allegations in Paragraph 61.

62.     The City admits that Simmonds eventually returned to duty with the APD after serving a suspension. The City otherwise denies the remaining allegations in Paragraph 62.

63.     The City denies the allegations in Paragraph 63.

## V.   **APD'S Custom and Policy of Lawlessness by the Executive Protection Unit**[5]

By way of initial response to the allegations in Paragraph 64 through 93, the City states that many such allegations are scandalous, impertinent, and irrelevant, and that they should be properly stricken under the Federal Rules of Civil Procedure. Furthermore, the City denies that it has ever authorized, ratified, or condoned any unlawful conduct as either a policy or custom of the City. The City further denies the allegations in Paragraph 64 through 93 to the extent the same imputes liability on the City in this action. The City otherwise specifically responds to the numbered allegations as follows.

64.    The City admits that within the APD there is a unit designated as the Executive Protection Unit ("EPU") and that the EPU's principal duties relate to providing security for the Mayor of Atlanta and others. The City otherwise denies the allegations in Paragraph 64.

65.    The City denies the allegations in Paragraph 65.

66.    The City denies the allegations in Paragraph 66.

67.    The City denies the allegations in Paragraph 67.

68.    The City denies the allegations in Paragraph 68.

---

[5] See note 1, supra (expressly objecting to the characterizations in Plaintiffs' division headings).

69.     The City denies the allegations in Paragraph 69.

70.     The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 70. Those allegations therefore stand denied.

71.     The City denies the allegations in Paragraph 71.

72.     The City denies the allegations in Paragraph 72.

73.     The City denies the allegations in Paragraph 73.

74.     The City denies the allegations in Paragraph 74.

75.     The City denies the allegations in Paragraph 75.

76.     The City denies the allegations in Paragraph 76.

77.     The City denies the allegations in Paragraph 77.

78.     The City denies the allegations in Paragraph 78.

79.     The City denies the allegations in Paragraph 79.

80.     The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 80. Those allegations therefore stand denied.

81.     Upon information and belief, the City admits that a motor vehicle accident occurred. The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 81. Those allegations therefore stand denied.

82.     The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 82. Those allegations therefore stand denied.

83.     The City denies the allegations in Paragraph 83.

84.     The City denies the allegations in Paragraph 84.

85.     The City denies the allegations in Paragraph 85.

86.     Upon information and belief, the City admits that Tracy Woodward made such allegations. The City denies that the allegations were valid. Furthermore, the City denies the allegations in Paragraph 86 to the extent the same impute any liability on the City in this matter.

87.     The City admits that Woodward was terminated and further admits that a lawsuit was filed. The City otherwise denies the remaining allegations in Paragraph 87.

88.     The City denies the allegations in Paragraph 88.

89.     The City denies the allegations in Paragraph 89.

90.     The City denies the allegations in Paragraph 90.

91.     The City denies the allegations in Paragraph 91.

92.     The City denies the allegations in Paragraph 92.

93.     The City denies the allegations in Paragraph 93.

**VI.** **APD's Custom and Policy of Using Excessive Force**[6]

94.     The allegations in Paragraph 94 are denied.

95.     The City admits that statistics are recorded regarding APD and its interaction with citizens. The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 95. Those allegations therefore stand denied.

96.     The City admits that statistics are recorded regarding APD and its interaction with citizens. The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 96. Those allegations therefore stand denied.

97.     The City admits that statistics are recorded regarding APD and its interaction with citizens. The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 97. Those allegations therefore stand denied.

98.     The City admits that statistics are recorded regarding APD and its interaction with citizens. The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 98. Those allegations therefore stand denied.

---

[6] See note 1, supra (expressly objecting to the characterizations in Plaintiffs' division headings).

99.    The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of allegations in Paragraph 99. Those allegations therefore stand denied.

100.   The allegations in Paragraph 100 are denied.

101.   The allegations in Paragraph 101 are denied.

102.   Upon information and belief, the allegations in Paragraph 102 are denied.

103.   The City denies the allegations in Paragraph 103

104.   The City denies the allegations in Paragraph 104.

105.   Upon information and belief, the City admits that the interaction occurred on or around June 30, 2011, between Officer Thomas Atzert and Maurice Hampton. The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 105. Those allegations therefore stand denied.

106.   The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 106. Those allegations therefore stand denied.

107.   The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 107. Those allegations therefore stand denied.

108.   Upon information and belief, the City admits that an interaction with APD Officer Trevor King and Tyrone Carnegay occurred on or around the date alleged. The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 108. Those allegations therefore stand denied.

109.   The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 109. Those allegations therefore stand denied.

110.   The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 110. Those allegations therefore stand denied.

111.   The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 111. Those allegations therefore stand denied.

112.   The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 112. Those allegations therefore stand denied.

113.   The City admits that Officer King retired. The remaining allegations in Paragraph 113 are denied.

114.   The City denies the allegations in Paragraph 114.

18

115.   The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 115. Those allegations therefore stand denied.

116.   The City denies the allegations in Paragraph 116.

117.   The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 117. Those allegations therefore stand denied.

118.   The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 118. Those allegations therefore stand denied.

119.   The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 119. Those allegations therefore stand denied.

120.   The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 120. Those allegations therefore stand denied.

121.   The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 121. Those allegations therefore stand denied.

122.   The City denies the allegations in Paragraph 122.

123.   Upon information and belief, the City admits that an incident occurred on or around September 16, 2016 in which an APD officer was involved in a police chase.  The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 123. Those allegations therefore stand denied.

124.   The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 124. Those allegations therefore stand denied.

125.   The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 125. Those allegations therefore stand denied.

126.   The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 126. Those allegations therefore stand denied.

127.   The City admits that Officer Johns was terminated subsequent to an APD internal investigation into the incident. The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 127. Those allegations therefore stand denied.

128.   The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 128. Those allegations therefore stand denied.

129.   The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 129. Those allegations therefore stand denied.

130.   Upon information and belief, the City admits that an interaction between the APD officers identified and others occurred on or around December 22, 2018. The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 130. Those allegations therefore stand denied.

131.   The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 131. Those allegations therefore stand denied.

132.   The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 132. Those allegations therefore stand denied.

133.   The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 133. Those allegations therefore stand denied.

134.   The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 134. Those allegations therefore stand denied.

135.   The City denies the allegation that both officers remain employed with APD. The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 135. Those allegations therefore stand denied.

136.   Upon information and belief, the City admits that on or around January 22, 2019, one or more APD officers were involved in an incident involving an arrest of Jimmy Atchison. The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 136. Those allegations therefore stand denied.

137.   The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 137. Those allegations therefore stand denied.

138.   The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 138. Those allegations therefore stand denied.

139.   The City denies the allegations in Paragraph 139.

140.   The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 140. Those allegations therefore stand denied.

141.   Upon information and belief, the City admits that the six APD officers identified were involved in an incident on or around May 30, 2020, relating to ongoing protests within the City. The City denies the remaining allegations in Paragraph 141.

142.   The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 142. Those allegations therefore stand denied.

143.   Upon information and belief, the City admits that officers broke a window of the car and that the individuals were eventually taken into police custody. The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 143. Those allegations therefore stand denied.

144.   Upon information and belief, the City admits that the incident was broadcast on television. The remaining allegations in Paragraph 144 are denied.

145.   Upon information and belief, the City admits that the APD officers involved were charged with crimes. The City lacks sufficient

knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 145. Those allegations therefore stand denied.

146.   The City admits that Officers Streeter and Gardner were terminated following the incident and that Officers Hood and Jones were later terminated.

147.   The City admits that Officers Sauls and Claud remain employed. The City otherwise lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 147. Those allegations therefore stand denied.

148.   The City admits that Sauls remains employed. The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 148. Those allegations therefore stand denied.

149.   Upon information and belief, the City admits that Officer Sauls has been involved in prior incidents involving the use of deadly force. The City further admits that one of those incidents resulted in the City settling a civil action. The remaining allegations in Paragraph 149 are otherwise denied.

150.   Upon information and belief, the City admits that APD officer Garret Rolfe was involved in an incident with Rayshard Brooks at a Wendy's in Atlanta and that Rayshard Brooks subsequently died during the incident. The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 150. Those allegations therefore stand denied.

151.   Upon information and belief, the City admits that Officer Rolfe was charged in connection with the incident. The City further admits that Officer Rolfe was terminated by APD. The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 151. Those allegations therefore stand denied.

152.   Upon information and belief, the City admits that Officer Devin Brosnan was charged in connection with the incident. The City further admits that Officer Brosnan remains employed. The City otherwise lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 152. Those allegations therefore stand denied.

153.   The City admits the allegations in Paragraph 153.

154.   The City denies the allegations in Paragraph 154.

155.   The City denies the allegations in Paragraph 155.

156.   The City denies the allegations in Paragraph 156.

157.   The City denies the allegations in Paragraph 157.

158.   Upon information and belief, the City admits that Officer Rolfe and one or more APD officers were attempting to arrest Jackie Harris during an encounter. The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 158. Those allegations therefore stand denied.

159.   The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 159. Those allegations therefore stand denied.

160.   The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 160. Those allegations therefore stand denied.

161.   The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 161. Those allegations therefore stand denied.

162.   The City denies the allegations in Paragraph 162.

163.   The City denies the allegations in Paragraph 163.

164.   The City denies the allegations in Paragraph 164.

165.   The City denies the allegations in Paragraph 165.

166. Upon information and belief, the City admits that APD officers were involved in a fatal shooting on or around August 8, 2012. The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 166. Those allegations therefore stand denied.

167. The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 167. Those allegations therefore stand denied.

168. The City admits that an incident involving APD officer Thompson and Demetric Favors occurred on or around October 10, 2015. The City otherwise lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 168. Those allegations therefore stand denied.

169. Upon information and belief, the City admits that a group of individuals was being followed out of the club by agents of the club because the agents believed money had been stolen. The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 169. Those allegations therefore stand denied.

170. Upon information and belief, the City admits that Officer Thompson discharged one or more rounds into vehicle. The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 170. Those allegations therefore stand denied.

171. The City admits that Officer Thompson resigned from APD after the shooting. Upon information and belief, the City admits that Officer Thompson was indicted on criminal charges in connection with the shooting. The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 171. Those allegations therefore stand denied.

172. Upon information and belief, the City admits that Officer Thompson pleaded guilty to one or more charges and that his P.O.S.T. certification was revoked. The City otherwise lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 172. Those allegations therefore stand denied.

173. Upon information and belief, the City admits that Officer Burns was involved in an incident on or around June 22, 2016. The City otherwise lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 173. Those allegations therefore stand denied.

174.   The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 174. Those allegations therefore stand denied.

175.   Upon information and belief, the City admits that Officer Burns shot the individual. The City otherwise lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 175. Those allegations therefore stand denied.

176.   The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 176. Those allegations therefore stand denied.

177.   The City admits that Officers Burns was terminated from APD. The City otherwise lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 177. Those allegations therefore stand denied.

178.   Upon information and belief, the City admits that Officer Abdulahad and another individual were involved in an incident on or around January 26, 2017. The City otherwise lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 178. Those allegations therefore stand denied.

179. The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 179. Those allegations therefore stand denied.

180. The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 180. Those allegations therefore stand denied.

181. The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 181. Those allegations therefore stand denied.

182. The City denies the allegations of Paragraph 182.

183. The City admits that Officer Abdulahad remains employed. The City denies the remaining allegations of Paragraph 183.

184. Upon information and belief, the City admits that APD Officer Cadeau was working an off-duty job outside the Georgia Dome on or around February 25, 2017.

185. The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 185. Those allegations therefore stand denied.

186. Upon information and belief, the City admits that Officer Cadeua discharged his weapon. The City lacks sufficient knowledge or information to

form a belief as to the truth or falsity of the remaining allegations in Paragraph 186. Those allegations therefore stand denied.

187.   The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 187. Those allegations therefore stand denied.

188.   The City admits that Officer Cadeau was terminated. The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations. Those allegations therefore stand denied.

189.   The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 189. Those allegations therefore stand denied.

190.   The City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 190. Those allegations therefore stand denied.

191.   The City admits that APD has policies addressing the use of force and other matters. The City further admits that its policies are generally available to the public. The City otherwise lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 191. Those allegations therefore stand denied.

192.   The City admits that APD has policies addressing the use of force and other matters. The City further admits that its policies are generally available to the public. The City otherwise lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 192. Those allegations therefore stand denied.

193.   The City denies the allegations in Paragraph 193.

194.   The City denies the allegations of paragraph 194.

## PARTIES

195.   Upon information and belief, the City admits the allegations in Paragraph 195.

196.   Upon information and belief, the City admits the allegations in Paragraph 196.

197.   Upon information and belief, the City admits the allegations in Paragraph 197.

198.   The City admits the allegations Paragraph 198.

199.   The City admits that Erika Shields was the Chief of Police during times encompassed within the factual allegations of the Complaint. The City denies the remaining allegations in Paragraph 199.

200.   The City admits that Simmonds was an APD officer during times encompassed within the factual allegations of the Complaint and that he was

a member of the EPU during some of that time. The City further admits that, while performing his official duties as an APD officer, Simmonds would be an employee or agent of APD. The remaining allegations in Paragraph 200 are denied.

201.   The allegations in Paragraph 201 are denied.

## JURISDICTION AND VENUE

202.   The City admits Paragraph 202 to the extent it alleges that personal jurisdiction exists over the City. To the extent Paragraph 202 is alleged to include allegations beyond that, those allegations are denied.

203.   The City only admits that the Court would have subject matter jurisdiction over any federal law claim asserted against the City under Monell pursuant to § 1983. The City otherwise denies that the Court has subject matter jurisdiction over the entirety of the Complaint against the City.

204.   The City admits the allegations in Paragraph 204.

## CLAIMS FOR RELIEF

**Count I:    42 U.S.C. § 1983 Violation of Constitutional Rights by Officer Simmonds.**

205.   The City incorporates its responses to Paragraphs 1 through 204 as if fully stated herein.

206. The City admits that Simmonds was an officer of the APD on the day of the incident, and that, upon information and belief, he was acting under color of state law.

207. The City denies the allegations in Paragraph 207.

208. The City denies the allegations in Paragraph 208.

209. The City denies the allegations in Paragraph 209.

210. The City denies the allegations in Paragraph 210.

211. The City denies the allegations in Paragraph 211.

212. The City denies the allegations in Paragraph 212.

213. The City denies the allegations in Paragraph 213.

214. The City denies the allegations in Paragraph 214.

215. The City denies the allegations in Paragraph 215.

216. The City denies the allegations in Paragraph 216.

217. The City denies the allegations in Paragraph 217.

218. The City denies the allegations in Paragraph 218.

219. The City denies the allegations in Paragraph 219.

220. The City denies the allegations in Paragraph 220.

**Count II:   Assault and Battery by Officer Simmonds under Georgia State Law.**

221.   The City incorporates its responses to Paragraphs 1 through 204 as if fully stated herein.

222.   The City denies the allegations in Paragraph 222.

223.   The City denies the allegations in Paragraph 223.

224.   The City denies the allegations in Paragraph 224.

225.   The City denies the allegations in Paragraph 225.

226.   The City denies the allegations in Paragraph 226.

227.   The City denies the allegations in Paragraph 226.

228.   The City denies the allegations in Paragraph 226.

229.   The City denies the allegations in Paragraph 226.

230.   The City denies the allegations in Paragraph 226.

231.   The City denies the allegations in Paragraph 226.

**County III:      42 U.S.C. § 1983 Supervisory Liability for Violation of Constitutional Rights by Erika Shields and Does 1–5.**

232.   The City incorporates its responses to Paragraphs 1 through 204 as if fully stated herein.

233.   The City denies the allegations in Paragraph 233.

234.   The City denies the allegations in Paragraph 234.

235.   The City states Shields and Does 1–5 have been dismissed from this action, and thus, no response is necessary. To the extent a response is necessary, the City denies the allegations in Paragraph 235, including the subparts thereto.

236.   The City states that Shields and Does 1–5 have been dismissed from this action, and thus, no response is necessary. To the extent a response is necessary, the City denies the allegations in Paragraph 236.

237.   The City states that Shields and Does 1–5 have been dismissed from this action, and thus, no response is necessary. To the extent a response is necessary, the City denies the allegations in Paragraph 237.

238.   The City states that Shields and Does 1–5 have been dismissed from this action, and thus, no response is necessary. To the extent a response is necessary, the City denies the allegations in Paragraph 238.

239.   The City states that Shields and Does 1–5 have been dismissed from this action, and thus, no response is necessary. To the extent a response is necessary, the City denies the allegations in Paragraph 239.

240.   The City states that Shields and Does 1–5 have been dismissed from this action, and thus, no response is necessary. To the extent a response is necessary, the City denies the allegations in Paragraph 240.

241.   The City states that Shields and Does 1–5 have been dismissed from this action, and thus, no response is necessary. To the extent a response is necessary, the City denies the allegations in Paragraph 241.

242.   The City states that Shields and Does 1–5 have been dismissed from this action, and thus, no response is necessary. To the extent a response is necessary, the City denies the allegations in Paragraph 242.

243.   The City states that Shields and Does 1–5 have been dismissed from this action, and thus, no response is necessary. To the extent a response is necessary, the City denies the allegations in Paragraph 243.

244.   The City states that Shields and Does 1–5 have been dismissed from this action, and thus, no response is necessary. To the extent a response is necessary, the City denies the allegations in Paragraph 244.

245.   The City states that Shields and Does 1–5 have been dismissed from this action, and thus, no response is necessary. To the extent a response is necessary, the City denies the allegations in Paragraph 245.

246.   The City states that Shields and Does 1–5 have been dismissed from this action, and thus, no response is necessary. To the extent a response is necessary, the City denies the allegations in Paragraph 246.

247.   The City states that Shields and Does 1–5 have been dismissed from this action, and thus, no response is necessary. To the extent a response is necessary, the City denies the allegations in Paragraph 247.

248.   The City states that Shields and Does 1–5 have been dismissed from this action, and thus, no response is necessary. To the extent a response is necessary, the City denies the allegations in Paragraph 248.

249.   The City states that Shields and Does 1–5 have been dismissed from this action, and thus, no response is necessary. To the extent a response is necessary, the City denies the allegations in Paragraph 249.

250.   The City states that Shields and Does 1–5 have been dismissed from this action, and thus, no response is necessary. To the extent a response is necessary, the City denies the allegations in Paragraph 250.

251.   The City states that Shields and Does 1–5 have been dismissed from this action, and thus, no response is necessary. To the extent a response is necessary, the City denies the allegations in Paragraph 251.

252.   The City states that Shields and Does 1–5 have been dismissed from this action, and thus, no response is necessary. To the extent a response is necessary, the City denies the allegations in Paragraph 252.

253.   The City states that Shields and Does 1–5 have been dismissed from this action, and thus, no response is necessary. To the extent a response is necessary, the City denies the allegations in Paragraph 253.

254.   The City states that Shields and Does 1–5 have been dismissed from this action, and thus, no response is necessary. To the extent a response is necessary, the City denies the allegations in Paragraph 254.

255.   The City states that Shields and Does 1–5 have been dismissed from this action, and thus, no response is necessary. To the extent a response is necessary, the City denies the allegations in Paragraph 255.

256.   The City states that Shields and Does 1–5 have been dismissed from this action, and thus, no response is necessary. To the extent a response is necessary, the City denies the allegations in Paragraph 256.

257.   The City states that Shields and Does 1–5 have been dismissed from this action, and thus, no response is necessary. To the extent a response is necessary, the City denies the allegations in Paragraph 257.

258.   The City states that Shields and Does 1–5 have been dismissed from this action, and thus, no response is necessary. To the extent a response is necessary, the City denies the allegations in Paragraph 258.

259.   The City states that Shields and Does 1–5 have been dismissed from this action, and thus, no response is necessary. To the extent a response is necessary, the City denies the allegations in Paragraph 259.

**COUNT IV:** **42 U.S.C. § 1983: Municipal Liability for Violation of Constitutional Rights by City of Atlanta and Erika Shields.**

260.   The City incorporates its responses to Paragraphs 1 through 204 as if fully stated herein.

261.   In response to the allegations in Paragraph 261, the City states that an official capacity claim against Shields is functionally equivalent to a claim against the City. Furthermore, the claim against Shields in her official capacity was dismissed by the Court. The City admits that it is responsible for hiring, training, supervising, retaining, and disciplining APD officers employed by the City. The City denies the remaining allegations in Paragraph 261 and specifically denies any imputations of liability contained therein.

262.   The City only admits that Shields would be considered a policymaker of the City with respect to certain policy items relating to the operation of the APD, but only during the time that she served as its Chief of Police. The remaining allegations in Paragraph 262 are denied.

263.   The City only admits that, though APD, it promulgated certain policies relating to use of force by APD officers and EPU officers. The City denies that these policies were unlawful or that they caused Griffin's injuries. The remaining allegations in Paragraph 263 are denied.

264.   The City denies the allegations in Paragraph 264 including the subparts thereto.

265.   The City denies the allegations in Paragraph 265.

266.   The City denies the allegations in Paragraph 266.

267.   The City denies the allegations in Paragraphs 267.

**COUNT V, VI, and VII: Violation of the Open Records Act by the City.**

268.   The City incorporates its responses to Paragraphs 1 through 204 as if fully stated herein.

269.   The City states that the Court dismissed Counts V, VI, and VII for lack of supplemental jurisdiction, and thus, no response is required to the allegations in Paragraph 269. To the extent a response is required, the City denies the allegations in Paragraph 269.

270.   The City states that the Court dismissed Counts V, VI, and VII for lack of supplemental jurisdiction, and thus, no response is required to the allegations in Paragraph 270. To the extent a response is required, the City denies the allegations in Paragraph 270.

271.   The City states that the Court dismissed Counts V, VI, and VII for lack of supplemental jurisdiction, and thus, no response is required to the allegations in Paragraph 271. To the extent a response is required, the City denies the allegations in Paragraph 271.

272.   The City states that the Court dismissed Counts V, VI, and VII for lack of supplemental jurisdiction, and thus, no response is required to the allegations in Paragraph 272. To the extent a response is required, the City denies the allegations in Paragraph 272.

273.   The City states that the Court dismissed Counts V, VI, and VII for lack of supplemental jurisdiction, and thus, no response is required to the allegations in Paragraph 273. To the extent a response is required, the City denies the allegations in Paragraph 273.

274.   The City states that the Court dismissed Counts V, VI, and VII for lack of supplemental jurisdiction, and thus, no response is required to the allegations in Paragraph 274. To the extent a response is required, the City denies the allegations in Paragraph 274.

275.   The City states that the Court dismissed Counts V, VI, and VII for lack of supplemental jurisdiction, and thus, no response is required to the allegations in Paragraph 275. To the extent a response is required, the City denies the allegations in Paragraph 275.

276.   The City states that the Court dismissed Counts V, VI, and VII for lack of supplemental jurisdiction, and thus, no response is required to the allegations in Paragraph 276. To the extent a response is required, the City denies the allegations in Paragraph 276.

277.   The City states that the Court dismissed Counts V, VI, and VII for lack of supplemental jurisdiction, and thus, no response is required to the allegations in Paragraph 277. To the extent a response is required, the City denies the allegations in Paragraph 277.

278.   The City states that the Court dismissed Counts V, VI, and VII for lack of supplemental jurisdiction, and thus, no response is required to the allegations in Paragraph 278. To the extent a response is required, the City denies the allegations in Paragraph 278.

279.   The City states that the Court dismissed Counts V, VI, and VII for lack of supplemental jurisdiction, and thus, no response is required to the allegations in Paragraph 278. To the extent a response is required, the City denies the allegations in Paragraph 278.

280.   The City states that the Court dismissed Counts V, VI, and VII for lack of supplemental jurisdiction, and thus, no response is required to the allegations in Paragraph 280. To the extent a response is required, the City denies the allegations in Paragraph 280.

## <u>PUNITIVE DAMAGES AND ATTORNEYS' FEES</u>

281. The City denies the allegations in Paragraph 281.

282. The City denies the allegations in Paragraph 282.

283. The City denies the allegations in Paragraph 283.

284. The City denies the allegations in Paragraph 284.

285. The City denies the allegations in Paragraph 285.

286. The City specifically denies each and every allegation in Plaintiffs' Complaint not specifically admitted herein.

## <u>RELIEF REQUESTED</u>

287. In response to the unnumbered "WHEREFORE" paragraph in Plaintiffs' Complaint, the City specifically denies the same.

WHEREFORE, having answered Plaintiff's Amended Complaint within the time allowed by law, Defendants respectfully request:

(a) that all of Plaintiff's prayers for relief be denied;

(b) that this action be dismissed;

(c) that each of Defendants' affirmative defenses be sustained;

(d) that all costs incurred by Defendants to defend this action be cast upon Plaintiff;

(e) that in the event this matter proceeds to trial, a jury be empaneled to hear this matter;

(f)     for such other and further relief that is deemed just and proper by the Court.

Respectfully submitted this 24th day of August 2021.

**HALL BOOTH SMITH, P.C.**

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA  30303-1740
Tel:   (404) 954-5000
Fax:  (404) 954-5020
dware@hallboothsmith.com
rbritt@hallboothsmith.com
pcunningham@hallboothsmith.com

/s/  *R. David Ware*
R. DAVID WARE
Georgia Bar No. 737756
RUSSELL A. BRITT
Georgia Bar No. 473664
PEARSON K. CUNNINGHAM
Georgia Bar No. 391024
*Counsel   for   Defendant   City   of Atlanta*

## RULE 7.1D CERTIFICATE

Pursuant to Local Rule 7.1D of the United States District Court of the Northern District of Georgia, the undersigned certifies that the foregoing submission to the Court complies with the typeface and style requirements in that it contains 13 point Century Schoolbook font.

**HALL BOOTH SMITH, P.C.**

/s/  *R. David Ware*
R. DAVID WARE
Georgia Bar No. 737756

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA  30303-1740
Tel:   (404) 954-5000
Fax:  (404) 954-5020
dware@hallboothsmith.com
rbritt@hallboothsmith.com
pcunningham@hallboothsmith.com

R. DAVID WARE
Georgia Bar No. 737756
RUSSELL A. BRITT
Georgia Bar No. 473664
PEARSON K. CUNNINGHAM
Georgia Bar No. 391024

*Counsel for Defendants City of Atlanta and Erika Shields*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing **Defendant City of Atlanta's Answer to Plaintiffs' Complaint** with the Court using the CM/ECF System.

| | |
|---|---|
| Eric S. Frederickson<br>Matthew S. Harman<br>**HARMAN LAW FIRM, LLC**<br>3375 Piedmont Rd. NE,<br>Bldg. 15, Ste. 1040<br>Atlanta, GA 20505<br>efrederickson@harmanlaw.com<br>mharman@harmanlaw.com | Alex R. Merritt<br>**DeWoskin Law Firm, LLC**<br>535 North McDonough St.,<br>Decatur, GA 30030<br>alex@atlantatrial.com |

*Counsel for Plaintiffs*
R.K. Starkey
**HILLIARD STARKEY LAW**
561 Thornton Rd., Ste. G
Lithia Springs, GA 30122
rkstarkey@hstarlaw.com

This the 24th day of August 2021.

**HALL BOOTH SMITH, P.C.**

| | |
|---|---|
| 191 Peachtree Street, N.E.<br>Suite 2900<br>Atlanta, GA  30303-1740<br>Tel:  (404) 954-5000<br>Fax:  (404) 954-5020<br>dware@hallboothsmith.com<br>rbritt@hallboothsmith.com<br>pcunningham@hallboothsmith.com | /s/  *R. David Ware*<br>R. DAVID WARE<br>Georgia Bar No. 737756<br>RUSSELL A. BRITT<br>Georgia Bar No. 473664<br>PEARSON K. CUNNINGHAM<br>Georgia Bar No. 391024<br>*Counsel for Defendants City of Atlanta* |