## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

GAYSHA GLOVER and COURTNEY
GRIFFIN, individually and on behalf of the
ESTATE OF D'ETTRICK GRIFFIN

 *Plaintiffs*,

***versus***

CITY OF ATLANTA; ERIKA SHIELDS;
OLIVER SIMMONDS; and DOES 1–5,

 *Defendants*.

CIVIL FILE
ACTION NO.:
1:20-cv-04302-VMC

**JURY TRIAL
DEMANDED**

## BRIEF IN SUPPORT OF DEFENDANT OLIVER SIMMONDS' MOTION TO STAY THE PROCEEDINGS

COMES NOW, Defendant Oliver Simmonds (hereafter "Defendant Simmonds"), by and through his counsel of record, and submits this Brief in Support of his Motion to Stay the Proceedings.  As grounds for this Motion, Defendant Simmonds submits, in addition to the reasons set for succinctly below, that this case should be stayed pending the outcome of Defendant Simmonds' criminal case, because (1) the issues within the civil proceedings overlap extensively with the issues in the criminal case; (2) Defendant Simmonds was recently indicted in a state court action; (3) the plaintiffs' private interest in proceeding expeditiously are

outweighed by the prejudice to Defendant Simmonds; and (4) a stay promotes judicial economy and the public interest.

## I.     BACKGROUND

On January 15, 2019, D'Ettrick Griffin was shot by Atlanta Police Officer Oliver Simmonds, following an altercation, and subsequently died of his injuries. D'Ettrick Griffin's parents, Gaysha Glover and Courtney Griffin (hereinafter "Plaintiffs") filed the instant complaint on October 20, 2020. (Doc. 1). Counts I and II of the Complaint allege that Defendant Simmonds' violated 42 U.S.C. §1983, and that Simmonds committed assault and battery under Georgia law.  Id. at 38-41.  In the Joint Preliminary Report and Discovery Plan filed on September 2, 2021, Plaintiffs described the legal issues as (1) whether the City of Atlanta is liable for violation of the Fourth and Fourteenth Amendments; (2) whether Oliver Simmonds is liable for violation of the Fourth and Fourteenth Amendments; and (3) whether Oliver Simmonds is liable for Assault and Battery. (Doc. 62, at 2).

This Court initially ordered that discovery close on February 7, 2022. (Doc. 65) However, the Court granted two (2) extension orders based on consent orders filed by the parties, extending Discovery until May 13, 2022 and November 14, 2022, respectively.  (*See* Order Granting Consent Motion for an Extension of

Discovery Period, dated February 3, 2022 and Scheduling order, dated May 4, 2022, docket text only) Defendant Simmonds was deposed on July 13, 2022.

On October 28, 2022, Defendant Simmonds was formally indicted on four counts, including Felony Murder, Aggravated Assault with a Deadly Weapon, and two (2) counts of Violation of Oath by a Public Officer. (State of Georgia v. Oliver Simmonds, Criminal Indictment, 22SC184891, Fulton County, dated October 28, 2022, attached as Ex. A) The plaintiff, Gaysha Glover, is listed as a witness for the State. Id.  A bond order was entered in the criminal matter on November 3, 2022, ordering that Defendant Simmonds have no contact, directly or indirectly, with any witness in the case.  (State of Georgia v. Oliver Simmonds, Consent Bond Order, Case Number 22SC184891, dated November 3, 2022, attached as Ex. B) An arraignment in the criminal case is scheduled for November 30, 2022.

The parties have not concluded discovery.  On November 4, 2022, the parties filed a third consent motion, requesting that the Court extend discovery to February 28, 2023, citing that Defendant Simmonds' recent criminal indictment "may change the discover needs of the case." (Doc. 93 at 1). The Court has not yet granted the Parties' motion.

3

## II.     ARGUMENTS AND CITATIONS TO LEGAL AUTHORITIES

The Court should grant a stay of the civil proceedings in this case because (1) the issues within this civil proceeding overlap extensively with the issues in the criminal case; (2) Defendant Simmonds was recently indicted in a state court action, warranting a stay; (3) Plaintiffs' private interest in proceeding expeditiously are outweighed by the prejudice to Defendant Simmonds; and (4) a stay promotes judicial economy and the public interest.

District Courts have broad discretion to manage cases within their dockets and to promote the interest of justice in those cases. *See* Chrysler Int'l Corp. v. Chemaly, 280 F.3d 1358, 1360 (11th Cir. 2002).  When a plaintiff asserts a claim "related to rulings that will likely be made in a pending or anticipated criminal trial, it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *See* Woods v. Reeve, 2021 U.S. Dist. LEXIS 256184 at *10 (S.D. Fla., Aug. 18, 2021), citing Wallace v. Kato, 549 U.S. 384, 393-94, (2007).

In the Eleventh Circuit, "a court must stay civil proceedings pending the resolution of a related criminal prosecution only when 'special circumstances' dictate that a stay is in the 'interest of justice.'" *See* United States v. Lot 5, Fox Grove, Alachua County, Fla., 23 F. 3d 359, 364 (11th Cir. 1994), citing United States

v. Kordel, 397 U.S. 1, 12 & n. 27 (1970).   In determining whether special circumstances warrant a stay, district courts generally consider the following factors:

> The extent (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

See Coquina Invs. v. Rothstein, No. 10-60786-Civ, 2011 U.S. Dist. LEXIS 67968 (S.D. Fla., June 24, 2011); See also Griffin v. City of Atlanta, No. 1:20-cv-02514-VMC, 2022 U.S. Dist. LEXIS 185094 (N. D. Ga., Feb. 4, 2022).

   1. *The Issues in the Civil and Criminal Cases Overlap, Weighing in Favor of a Stay.*

The most important factor that courts weigh in deciding whether to stay a civil case pending the outcome of a related criminal matter is whether the civil issues overlap with the criminal issues. *See* e.g. SEC v. Detroit Mem'l Partners, LLC, 2017 U.S. Dist. LEXIS 37647 at *4 (N.D. Ga. March 16, 2017), quoting Love v. City of Lanett, No. 3:09-cv-622-MEF, 2009 U.S. Dist. LEXIS 72494 (M.D. Ala. Aug., 17, 2009).

In this case, the Plaintiffs' wrongful death lawsuit directly overlaps with issues that will be addressed by the State in the criminal case, including whether

Defendant Simmonds committed an assault against D'Etrrick Griffin, under Georgia law. Although Plaintiffs' claim against the City of Atlanta may include policy issues, overwhelmingly, the issues in both the state criminal and Federal civil cases stem from the same underlying events and circumstances occurring on January 15, 2019. Because the facts and circumstances of the civil case are identical to those in the criminal matter, the Court should grant a stay of the civil proceedings.

### 2. *The Status of the Criminal Case Weighs in Favor of a Stay.*

The posture of the criminal matter also weighs in favor of a stay.  Courts are more likely to grant a stay when a party to the civil action has been indicted. *See* SEC v. Detroit Mem'l Partners, LLC, 2016 U.S. Dist. LEXIS 37647 at *2 (N.D.Ga. November 8, 2016, quoting Sec. & Exch. Comm'n v. Dresser Indus., Inc., 628 F.2d 1368, 1375-76, 202 U.S. App. D.C. 345 (D.C. Cir. 1980) ("[T]he strongest *case* for deferring *civil* proceedings until after completion of *criminal* proceedings is where a party under indictment for a serious offense is required to defend a *civil* or administrative action involving the same matter." (emphasis added)).

This case weighs in favor of a stay, because the state of Georgia has commenced formal criminal charges against Defendant Simmonds.  Defendant Simmonds' indicted charges include Felony Murder and Aggravated Assault with a

Deadly Weapon, which are serious in nature, such that his Fifth Amendment right requires heighten protection, warranting a stay of the civil matter.  Also, the criminal court has issued a bond condition, ordering that Defendant Simmonds have no direct or indirect contact with any witness in the criminal matter.  Plaintiff, Gaysha Glover, is listed as a witness in the state's indictment.  Therefore, a stay of the civil case will also ensure that there is no risk of Defendant Simmonds violating the court order, as future civil proceedings may call for direct and indirect contact between Simmonds and Glover. Defendant Simmonds also anticipates that there will be other witnesses to the incident at issue in this action, that he or his counsel may have to have direct and/or indirect contact with as the civil case proceeds.

### 3. *Plaintiffs' Private Interest in Proceeding Expeditiously is Outweighed by the Prejudice to Defendant Simmonds.*

In this case, Plaintiffs' monetary interests, as well as an interest in expeditious litigation, are outweighed by Defendant Simmonds constitutional Fifth Amendment and liberty interests.  Although Defendant Simmonds participated in a deposition, his Fifth Amendment rights are preserved as to issues that were not addressed during the deposition.  *See e.g.* Svistina v. Elbadramany, 2022 U.S. Dist. LEXIS 94099 at *8 (S.D. Fla., May 25, 2022) (reasoning that the waiver of the defendant's privilege only applied to matters answered in a declaration rather than applying a blanket waiver). Therefore, Defendant Simmonds has an ongoing interest in protecting his

Fifth Amendment rights in both the civil and criminal matter. Weighing these interests, the burden on Defendant Simmonds' constitutional rights outweighs Plaintiffs' interest in an expeditious resolution of the civil case. Additionally, Plaintiffs' continued consent to motions to extend discovery for over a year suggests that their desire to gather additional evidence outweighs any desire on their party for expeditious litigation.  Therefore, staying the case, pending the outcome of the criminal matter, will also allow the parties, including Plaintiffs, to obtain additional evidence that is imperative to the civil proceedings.

    4. *A Stay will Serve Judicial Economy and the Public Interest.*

    Awaiting an outcome in Defendant Simmonds' criminal case benefits judicial economy in addition to benefiting the parties, because stays generally assist in narrowing issues that remain in civil cases.  *See* <u>Woods v. Reed</u>, 2021 U.S. Dist. LEXIS 256184 (S.D. Fla., Aug. 18, 2021) (quoting <u>Grand Jury Pro Grand Jury Proc. (Williams) v. United States</u>, 995 F.2d 1013, 1018 n.11 (11th Cir. 1993) ("Although stays delay civil proceedings, they may prove useful as the criminal process may determine and narrow the remaining civil issues."). This in turn, benefits the public interest.

    In this case, the parties are still in the earlier phases of litigation given the complex nature of the case. The Court has not yet scheduled a Pre-Trial conference

nor has a trial date been set. Therefore, staying the civil case will promote judicial economy, as the outcome of the criminal case may impact the strategic decisions of the parties and narrow the issues for trial, should this civil case proceed to trial.

Finally, Defendant Simmonds' notes that this Court recently granted a stay, albeit temporarily, in a substantially similar case, Griffin v. City of Atlanta, 2022 U.S. Dist. LEXIS 185094, (N.D. Ga., Aug. 30, 2022).  In Griffin, the defendants were previously deposed when one defendant was indicted. Id. at *3-4. Like the instant case, the circumstances in Griffin arose out of a 42 U.S.C. §1983 action. However, in Griffin, the civil case was scheduled for trial, whereas the criminal case was in the early stages.  Id. at *32. Although the defendants had already waived certain fifth amendment rights by participating in depositions, this Court reasoned that a stay was, nevertheless, appropriate.  Id.  The Court, in issuing the stay, reasoned the overlapping issues in the two matters, the interests of the defendants in protecting their fifth amendment rights, the lack of prejudice to the plaintiff, and that fact that one of the defendants was indicted, all weighed in favor of the stay. Id.

Not only are some of the facts in Griffin substantially similar, but facts in this case are even more compelling.  For example, as noted above, no trial has been set in this matter, which is different that the posture in Griffin, which a trial was already set.  Additionally, in Griffin, discovery was closed. In the instant action, plaintiffs

are seeking to extend the discovery period.  As such, the Court should grant this Motion and Order a stay of the proceedings.

### III.   CONCLUSION

As detailed above, a stay in the civil proceedings pending resolution of Defendant Simmonds' criminal case is warranted because the underlying facts and circumstances in the criminal case and the civil matter are identical, Plaintiffs' desire for expeditious litigation is outweighed by Defendant Simmonds Fifth Amendment concerns, and a stay in the case will further judicial economy. Therefore, Defendant Simmonds respectfully moves the Court to stay the proceedings until the state criminal matter is resolved.  Defendant Simmonds has reached out to Defendant City of Atlanta and Plaintiffs to determine whether they oppose or consent to this Motion. While there is no opposition from Defendant City of Atlanta, Plaintiffs have indicated their intent to oppose this Motion.

Respectfully submitted this 23rd day of November, 2022.

*/s/ Magua Benson*
Rory K. Starkey, Esq.
Georgia Bar No. 676450
Magua Benson, Esq.
Georgia Bar No. 518834
rkstarkey@hstarlaw.com
mbenson@hstarlaw.com
*Attorneys for Defendant Oliver Simmonds*

# EXHIBIT A:

# Certified Copy of Simmonds Indictment

*MC*

## DIRECT INDICTMENT   *EJ 7 Dunaway*

Clerk No. _22SC 184891_

### FULTON SUPERIOR COURT

THE STATE OF GEORGIA

V.

**OLIVER SIMMONDS** Ct 1, 2, 3 & 4
**DA #: 19DA00634**

| 1 | FELONY MURDER O.C.G.A. §16-5-1 |
| 2 | AGGRAVATED ASSAULT (SHOOTING AT) O.C.G.A. §16-5-21 |
| 3 | VIOLATION OF OATH BY PUBLIC OFFICER O.C.G.A. §16-10-1 |
| 4 | VIOLATION OF OATH BY PUBLIC OFFICER O.C.G.A. §16-10-1 |

*True* BILL

*October 28*, 20 *22*

_____
Grand Jury Foreperson

**FILED IN OFFICE**
**OCT 2 8 2022**
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

PERSONID: 6788713

**FANI T. WILLIS, District Attorney**

| The Defendant waives copy of indictment, list of witnesses, formal arraignment and pleads _____ Guilty. | The Defendant waives copy of indictment, list of witnesses, formal arraignment and pleads _____ Guilty. | The Defendant waives copy of indictment, list of witnesses, formal arraignment and pleads _____ Guilty. |
|---|---|---|
| _____ Defendant | _____ Defendant | _____ Defendant |
| _____ Attorney for Defendant | _____ Attorney for Defendant | _____ Attorney for Defendant |
| _____ Assistant District Attorney | _____ Assistant District Attorney | _____ Assistant District Attorney |
| This____day of_____,_____ | This____day of_____,_____ | This____day of_____,_____ |

STATE OF GEORGIA, COUNTY OF FULTON

IN THE SUPERIOR COURT OF SAID COUNTY

THE GRAND JURORS, selected, chosen and sworn for the County of Fulton, to wit:

1. MICHAEL GREINER, Foreperson
2. KASINATHAN RAMANATHAN, Asst. FP
3. STEPHEN HODNICKI, Secretary
4. SHAWN JOHNSON, Asst. Sec.
5. JENNIFER ALMONTE
6. AMERICA BUENROSTRO
7. DANYELL GUNBY
8. ADRIAN HOLOMAN
9. HOUSTON HOUGH
10. STEPHANIE HORNE
11. DANIEL JACKSON
12. TATYANA JENKINS
13. DARMIQUA JOHNSON

14. EDWARD LEWIS
15. KATHERINE MOORE-SMITH
16. DAVID SHEIKH-MOVAHHED
17. DAVID SKOOG
18. TEMETRICE STRICKLAND
19. CHRISTOPHER SWANK
20. PATRICK THOMAS
21. JERRIENE WILLIAMS
22. MARY WRIGHT
23. NEAL ZAHER
24. KYLE STAMPS
25. SANGEETHA GUNTA
26. AEYSHA MURSHEDI

in the name and behalf of the citizens of Georgia, do charge and accuse **OLIVER SIMMONDS** with the offense of **FELONY MURDER O.C.G.A. §16-5-1**, for the said accused, in the County of Fulton and State of Georgia, on the **15th day of January, 2019, did unlawfully during the commission of a felony, to wit: AGGRAVATED ASSAULT WITH A DEADLY WEAPON, cause the death of D'ettrick Griffin, a human being, by shooting him with a handgun -** contrary to the laws of said State, the good order, peace and dignity thereof;

## COUNT 2 of 4

and the Grand Jurors aforesaid, in the name and behalf of the citizens of Georgia, do charge and accuse **OLIVER SIMMONDS** with the offense of **AGGRAVATED ASSAULT (SHOOTING AT) O.C.G.A. §16-5-21**, for the said accused, in the County of Fulton and State of Georgia, on the **15th day of January, 2019, did unlawfully commit an assault upon the person of D'ettrick Griffin by shooting at, toward, and in the direction of D'ettrick Griffin with a handgun, the same being a deadly weapon** -contrary to the laws of said State, the good order, peace and dignity thereof;

## COUNT 3 of 4

and the Grand Jurors aforesaid, in the name and behalf of the citizens of Georgia, do charge and accuse **OLIVER SIMMONDS** with the offense of **VIOLATION OF OATH BY PUBLIC OFFICER O.C.G.A. §16-10-1**, for the said accused, in the County of Fulton and State of Georgia, on the **15th day of January, 2019, did willfully and intentionally violate his oath as prescribed by law; said oath as prescribed by law: a true and correct copy of which is attached hereto as Exhibit "A" and which requires said accused to conform to the criminal laws of the State of Georgia; said oath being violated when said accused acted unlawfully during the commission of a felony, to wit FELONY MURDER as alleged in Count1-** - contrary to the laws of said State, the good order, peace and dignity thereof;

## COUNT 4 of 4

and the Grand Jurors aforesaid, in the name and behalf of the citizens of Georgia, do charge and accuse **OLIVER SIMMONDS** with the offense of **VIOLATION OF OATH BY PUBLIC OFFICER O.C.G.A. §16-10-1,** for the said accused, in the County of Fulton and State of Georgia, on the **15th day of January, 2019, did willfully and intentionally violate his oath as prescribed by law; said oath as prescribed by law: a true and correct copy of which is attached hereto as Exhibit "A" and which requires said accused to conform to the criminal laws of the State of Georgia; said oath being violated when said accused acted unlawfully during the commission of a felony, to wit AGGRAVATED ASSAULT as alleged in Count 2-** -contrary to the laws of said State, the good order, peace and dignity thereof.

**FANI T. WILLIS, District Attorney**

Related Clerk No:

Complaint #:

| Defendant | DA # | Booking | Race | Sex | Birthdate | OTN | Agency |
|-----------|------|---------|------|-----|-----------|-----|--------|
| SIMMONDS, OLIVER | 19DA00634 | | | | | | |

# WITNESS LIST

M. JEAN-PIERRE - Atlanta Police Department 6035

D. WERTZ - Atlanta Police Department 6234

G. GLOVER- Victim Mom

SGT. QUENTN REESE- Atlanta Police Department

J. ROULAN- Georgia Bureau of Investigation

M. FLISSER- Atlanta Police Department

J. SWIGER- Grady

J.NOBLE- Expert Witness

Z. ZOWALSKE- Roswell Police Deparment

DR. HENINGER- Medical Examiner

# Charge History

Name: **SIMMONDS, OLIVER**    DOB:

Gender:    Race:

Person ID: 6788713

DA Case: 19DA00634

## Arrest Charges

| Arrest Date | Count | Statue | Offense | OTN | Status | Decision | Case # |
|---|---|---|---|---|---|---|---|
| Not arrested on this charge | 1 | 16-5-1 | Felony Murder | | Charging Instrument Generated | Charge | |
| Not arrested on this charge | 2 | 16-5-21 | Aggravated Assault (shooting at) | | Charging Instrument Generated | Charge | |
| Not arrested on this charge | 3 | 16-10-1 | Violation Of Oath By Public Officer | | Charging Instrument Generated | Charge | |
| Not arrested on this charge | 4 | 16-10-1 | Violation Of Oath By Public Officer | | Charging Instrument Generated | Charge | |

## Prosecutor Charges

| Arrest Date | Count | Statue | Offense | OTN | Status | Decision | Case # |
|---|---|---|---|---|---|---|---|
| Not arrested on this charge | 1 | 16-5-1 | Felony Murder | | Charging Instrument Generated | Charge | |

| | | | | Charging Instrument Generated | Charge | |
|---|---|---|---|---|---|---|
| Not arrested on this charge | 2 | 16-5-21 | Aggravated Assault (shooting at) | Charging Instrument Generated | Charge | |
| Not arrested on this charge | 3 | 16-10-1 | Violation Of Oath By Public Officer | Charging Instrument Generated | Charge | |
| Not arrested on this charge | 4 | 16-10-1 | Violation Of Oath By Public Officer | Charging Instrument Generated | Charge | |

## OATH OF OFFICE

*I hereby promise and swear that I shall perform the duties of the position to which I have been appointed and of any other position to which I may hereafter be appointed or, elected in the government of the City of Atlanta to the best of my ability. I shall uphold and defend the Constitution and the laws of the United States, the State of Georgia, and the Charter and ordinances of the City of Atlanta to the best of my ability.*

*I further solemnly, swear and affirm that I am not a member of the Communist Party.*

*Sworn and subscribed to before me*

*The* 9th *day of* Feb. *20* 11

_____
Signature of Academy Director

_____
Signature of Affiant

_____ Print
Name

Atlanta Police Department

*NAME AND ADDRESS OF NEARESTS RELATIVE*
DAWN SIMMONDS          (Relationship) Sister
1780 Lacombe Ave, MEDINA NY, 10473

CATHELENE ROBINSON, CLERK OF SUPERIOR COURT OF FULTON COUNTY, GEORGIA
I, DO CERTIFY THAT THE WITHIN AND FOREGOING IS A TRUE, COMPLETE
AND CORRECT COPY OF THE ORIGINAL IN SAID CASE, AS APPEARS ON FILE
AND RECORDED IN THE OFFICE OF THE CLERK OF SUPERIOR COURT
FULTON COUNTY, CRIMINAL DIVISION, ATLANTA, GA.
WITNESS MY HAND AND SEAL OF SAID COURT THIS
_____ DAY OF _____, 20___

DEPUTY CLERK

# EXHIBIT B:

# Certified Copy of Bond Order

Fulton County Superior Court
***EFILED***CL
Date: 11/3/2022 6:33 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

STATE OF GEORGIA       \*       Case No. 22SC184891

            \*

      v.          \*

            \*

OLIVER SIMMONDS      \*       Judge: Eric Dunaway

### CONSENT BOND ORDER

The aforesaid matter having come before the Court for consideration of bond, and with consent of counsel for the State and Defendant, the Court hereby **GRANTS** and **ORDERS** that the Defendant be released on a combined aggregate bond amount of $50,000, to be made as follows:

Count 1     Felony Murder O.C.G.A. §16-5-1: $25,000.00 (surety bond).

Count 2     Aggravated Assault (Shooting at) O.C.G.A. §16-5-21: $15,000.00 (surety bond).

Count 3     Violation of Oath by Public Officer O.C.G.A. §16-10-1: $5,000.00 (surety bond).

Count 4     Violation of Oath by Public Officer O.C.G.A. §16-10-1: $5,000.00 (surety bond).

Furthermore, the Court **ORDERS** that the Defendant have no contact, directly or indirectly, except through his attorney, with any witnesses involved in this case. The Court further **ORDERS** that the Defendant, after being processed by the Fulton County Sheriff's Office, shall be immediately released from custody and shall not be required to appear before a Magistrate Court Judge for an initial appearance.

So **ORDERED** this  2nd  day of  November, 2022.

Eric Dunaway, Judge
Fulton County Superior Court

/s/ Sonya Allen
Sonya Allen
Deputy District Attorney
Ga. Bar No. 232444
For the State of Georgia

/s/ Jackie Patterson
Jackie Patterson
Ga. Bar No. 566511
Defense Counsel

Oliver Simmonds 22SC184891 – Consent Bond Order (page 2 of 2)

CATHELENE ROBINSON, CLERK OF SUPERIOR COURT OF FULTON COUNTY, GEORGIA
I, DO CERTIFY THAT THE WITHIN AND FOREGOING IS A TRUE, COMPLETE
AND CORRECT COPY OF THE ORIGINAL IN SAID CASE, AS APPEARS ON FILE
AND RECORDED IN THE OFFICE OF THE CLERK OF SUPERIOR COURT
FULTON COUNTY, CRIMINAL DIVISION, ATLANTA, GA.

WITNESS MY HAND AND SEAL OF SAID COURT THIS
_____ DAY OF _____, 20___

DEPUTY CLERK

**HILLIARD STARKEY LAW**
561 Thornton Road, Suite G
Lithia Springs, Georgia 30122
Tel: (678) 909-2096
Fax: (678) 623-5767

## <u>LOCAL RULE 7.1(D) CERTIFICATION</u>

Pursuant to Local Rule 7.1(D) for the Northern District of Georgia, the undersigned counsel for defendant Oliver Simmonds certifies that the above motion and foregoing is a computer document prepared in Times New Roman, 14 point, in accordance with Local Rule 5.1(B)-(D).

This 23rd day of November, 2022.

*/s/ Magua Benson*
Rory K. Starkey, Esq.
Georgia Bar No. 676450
Magua Benson, Esq.
Georgia Bar No. 518834
rkstarkey@hstarlaw.com
mbenson@hstarlaw.com
***Attorneys for Defendant Oliver Simmonds***

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

GAYSHA GLOVER and COURTNEY
GRIFFIN, individually and on behalf of
the ESTATE OF D'ETTRICK GRIFFIN

    *Plaintiffs*,

**versus**

CITY OF ATLANTA; ERIKA SHIELDS;
OLIVER SIMMONDS; and DOES 1–5,

    *Defendants*.

CIVIL FILE ACTION NO.:
1:20-cv-04302-VMC

## **CERTIFICATE OF SERVICE**

I hereby certify that I served a copy of **Defendant Oliver Simmonds' Motion to Stay the Proceedings** upon all parties using the CM/ECF system which will automatically send electronic notification to all counsel of record.

Respectfully submitted this 23rd day of November, 2022.

*/s/ Magua Benson*
Rory K. Starkey, Esq.
Georgia Bar No. 676450
Magua Benson, Esq.
Georgia Bar No. 518834
rkstarkey@hstarlaw.com
mbenson@hstarlaw.com
*Attorneys for Defendant Oliver Simmonds*

12