IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GAYSHA GLOVER and COURTNEY GRIFFIN, individually and on behalf of the ESTATE OF D'ETTRICK GRIFFIN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ATLANTA; ERIKA SHIELDS; OLIVER SIMMONDS; and DOES 1–5,<br><br>Defendants. | Civil Action No.<br>1:20-cv-04302-VMC |

**ORDER**

Before the Court is Defendant Oliver Simmonds's Motion to Stay the Proceedings ("Motion," Doc. 96). Plaintiffs filed a Response in Opposition to the Motion ("Response," Doc. 97).

This civil action arises from the January 15, 2019 shooting of D'Ettrick Griffin by Atlanta Police Department Officer Oliver Simmonds. (*See generally*, Compl.). The Complaint was originally filed on October 20, 2020, and as a result of several extensions, discovery now expires on February, 28, 2023. Defendant Simmonds was deposed on July 13, 2022.

On October 28, 2022, Defendant Simmonds was indicted in the Superior Court of Fulton County, Georgia on four counts, including Felony Murder,

Aggravated Assault with a Deadly Weapon, and two counts of Violation of Oath by a Public Officer. (Motion Ex. A). Through the Motion, Defendant Simmonds now seeks a stay of this case pending the resolution of his criminal proceedings.

## Discussion

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *S.W. v. Clayton Cnty. Pub. Sch.*, 185 F. Supp. 3d 1366, 1371 (N.D. Ga. 2016) (citing *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997)). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)).

"[A] court must stay a civil proceeding pending resolution of a related criminal prosecution only when 'special circumstances' so require in the 'interests of justice.'" *S.W.*, 185 F. Supp. 3d at 1371 (quoting *United States v. Lot 5, Fox Grove, Alachua County, Fla.*, 23 F.3d 359, 364 (11th Cir. 1994)). "Special circumstances," as outlined by the Supreme Court in *United States v. Kordel*, include "case[s] where the Government has brought a civil action solely to obtain evidence for its criminal prosecution or has failed to advise the defendant in its civil proceeding that it contemplates his criminal prosecution; [or] a case where the defendant is without

2

counsel or reasonably fears prejudice from adverse pretrial publicity or other unfair injury." 397 U.S. 1, 11-12 (1970).

Absent special circumstances requiring a stay, district courts in this circuit typically consider the following six factors when determining whether a civil action should be stayed in light of criminal proceedings: 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest. *S.W.*, 185 F. Supp. 3d at 1371-72 (citing *Doe 1 v. City of Demopolis*, No. CIV A 09–0329–WS–N, 2009 WL 2059311, at *3 (S.D. Ala. July 10, 2009)). "The overlap between the issues in the criminal and civil cases is of paramount importance because absent overlap, there is no need for a stay." *Id.*

The Court finds that a stay is neither required nor warranted in this case. First, none of the special circumstances outlined in *Kordel* apply. 397 U.S. at 1, 11-12. Second, though there is certainly overlap between the civil and criminal cases and though Defendant Simmonds has been indicted, the remaining factors weigh against a stay. Discovery is nearly complete, Defendant Simmonds has already been deposed, and dispositive motions are likely to be filed shortly. A stay of this

case would only serve to hamper the Court's review of any forthcoming motions, further dragging out the case.

Defendant Simmonds points to the Court's grant of a stay in *Griffin v. City of Atlanta*, No. 1:20-cv-02514-VMC, 2022 WL 5241914 (N.D. Ga. Aug. 30, 2022), *appeal docketed,* No. 22-13295 (11th Cir. Sept. 29, 2022). However, that case differs for a number of reasons. First, in *Griffin*, the Court had already granted summary judgment in favor of the City of Atlanta prior to the entry of the stay. *Id.* at *4. Here, the City remains a party. Second, in *Griffin*, summary judgment motions had already been disposed of and the prospect of the individual defendants having to testify at trial was more likely. Third, the Court's Order denied the individual officers qualified immunity. *Id.* at *9. While the Court did not address this factor in *Griffin*, the inevitable appeal of that order meant a stay was effectively a done deal. *Bailey v. City of Douglasville*, No. 1:13-cv-00941-RWS-CMS, 2015 WL 12867013, at *3 (N.D. Ga. Oct. 26, 2015) ("It is well established that "[a] district court's denial of a defense of qualified immunity is immediately appealable, and once an appeal is filed, the district court is divested of its jurisdiction to proceed against that defendant [as to those counts].").

The Court finds that at the current juncture, a stay is premature. In the event that in the few weeks of remaining discovery, an issue regarding the privilege against self-incrimination arises, the Court can take the issue up at that time.

Otherwise, Defendant Simmonds remains free to renew his motion in the event a trial becomes imminent.

The Motion to Stay the Proceedings (Doc. 96) is **DENIED**.

**SO ORDERED** this 6th day of January, 2023.

_____
Victoria Marie Calvert
United States District Judge