# EXHIBIT 25

Gwinnett Policy

Gwinnett County Police Department





| TYPE OF COMMUNICATION | DISSEMINATION | DESTINATION | NUMBER | PAGE | OF |
|---|---|---|---|---|---|
| General Orders | Department | Directives Manual | 503.00 | 1 | 4 |
| TOPIC: Use of Force | EFFECTIVE DATE 04/15/90 | SOURCE GWF | APPROVED BY AAA | NEW ■ AMENDS RESCINDS | 06/17/16 |

### 503.01  PURPOSE

The purpose of this policy is to provide a framework within which officers and other department employees authorized to carry weapons can properly and lawfully discharge their duties whether or not the situation necessitates the use of force.

This policy of the Department is for internal use only and is not intended to contradict or be in conflict with any applicable local, state, or federal law.

### 503.02  DEFINITIONS

The following definitions will be used in the context of this policy:

A. Authorized Ammunition – Ammunition that has been approved by the Department for on-duty use.

B. Authorized employee – Employees that have been authorized to carry a weapon.

C. Authorized Weapon – Lethal or less lethal weapons that meets departmental regulations and specifications in regards to type, caliber, inspection by qualified personnel, registration with training personnel and qualification.  Includes issued weapons and authorized second weapons.

D. Deadly Force – That which in the circumstances then present is likely to cause grave bodily harm or death.

E. Forcible Felony – Forcible felony means any felony, which involves the use of threat of physical force or violence against any person.

F. Lawful Force – The use of reasonable physical compulsion or constraint by any peace officer in the performance of his duty in order to accomplish departmental-policing objectives.

G. Necessary Force – A reasonable amount and degree of lawful force to achieve a legitimate police objective.

H. Non-Deadly Force – A quality or quantity of force, which in the circumstances then present is neither likely nor intended to cause grave bodily harm.  Non-deadly force shall be taken to mean the physical strength or skill of one or more employees, or the use of mace (or other gas or noxious substance), baton or electrical device, or other such instrument, if approved.

I. Reasonable Belief – The belief by the officer concerned, acting as a reasonable police officer that the described facts exist.

J. Serious Physical Injury – Any injury, when inflicted, which may cause death or great bodily harm.

### 503.03  LAWFUL FORCE

A. Personnel are often confronted with situations where control must be exercised to effect arrests and to protect the public safety.  The duty and authority of an officer requires him to exercise this control and employ such reasonable force as may be necessary to meet the objective.  Control may be achieved through advice, warnings and persuasion, or by the use of necessary physical force.

While the use of reasonable force may be necessary in situations that cannot be otherwise controlled, force may not be resorted to unless other reasonable alternatives have been exhausted or would clearly be ineffective under the particular circumstances.  Officers are permitted to use whatever force is reasonable and necessary to protect others or themselves

from bodily harm.  Suicide is not a criminal offense and officers should be aware that there is no provision in Georgia Law that allows an officer to involuntarily transport an individual to an evaluation facility simply because that person may present a danger to himself.

B. Lawful force may be used by a police officer in the performance of their duty:

   1. When necessary to preserve the peace

   2. When preventing or interrupting a crime or attempted crime against a person

   3. When preventing or interrupting a crime or attempted crime against property

   4. When making lawful arrests and searches, overcoming resistance to such arrests and searches, and preventing escapes from custody

   5. When in self-defense or defense of another

C. The amount and degree of force which may be employed are based upon, but not limited to, the following factors:

   1. The nature of the offense

   2. The behavior of the subject against whom the force is to be used

   3. Actions by third parties who may be present

   4. Physical conditions and tactical considerations

   5. The possibility of creating an unreasonable risk of injury or death to innocent persons

   6. The feasibility or availability of alternative actions

D. Although law permits the careful use of reasonable force and the police officer is, in fact, required to exercise force under certain circumstances, the use of unreasonable force is contrary to law and places the Department in a position of civil liability and the officer in jeopardy of civil and criminal liability.  The use of unreasonable force is hereby prohibited.

   It should be noted that if the officer employs unreasonable force, then the person against whom the force is being applied has the right to resist and defend himself.

E. Officers should, under normal circumstances, employ the following methods or instrumentalities in the application of lawful force.

   These methods or instrumentalities are listed in ascending order from the least severe to the most drastic.  It is the officer's responsibility to first exhaust every reasonable means of employing the minimum amount of force before escalating to a more severe application of force.

   Methods or Instrumentalities:

   - Physical strength and skill (neck restraints or similar weaponless control techniques with a potential for serious injury are prohibited)

   - Approved baton, or other approved device or instrumentality, when used by one authorized to do so.  (SAPS, Blackjacks, brass knuckles, nunchakus, etc. are prohibited)

   - Approved weapons and ammunition

   The above notwithstanding, it would not be incumbent on an officer to, for example, engage in a prolonged physical struggle when a resort to a non-deadly use of force involving an instrumentality would quickly and safely bring the situation under control.  Extreme care, however, must be used to ensure that the opponent is only temporarily incapacitated and that no serious bodily harm is inflicted.

   It would also not be necessary for an officer to exhaust all less severe methods or instrumentalities if the situation required an immediate application of a particular level of force to safely deal with the problem.

**503.04   DEADLY FORCE**

A. The use of deadly force by an officer during their performance of duty is restricted to the following:

   1. An officer may use deadly force only when the officer reasonably believes that the action is in defense of human life, including the officer's own life, or in defense of any person in imminent danger of serious physical injury, or to prevent

the escape of a fleeing felon whom the officer has probable cause to believe will pose a significant threat to human life if escape should occur and all other available means of defense have failed or would be inadequate or dangerous.

2. When necessary to destroy a fatally wounded or sick domestic animal, but only after making every reasonable attempt to locate and receive permission from the animal's owner. The Animal Welfare and Enforcement Section should be called to handle the situation if they can respond in a timely fashion.

3. When necessary to destroy an obviously mad or vicious animal that cannot otherwise be controlled, or when a nondomestic animal has been injured. Nondomestic animals are never treated for their injuries and should, therefore, be destroyed. The Animal Welfare and Enforcement Section should be notified of the location of the carcass.

B. The use of deadly force is not justified under the following circumstances:

1. Warning shots are prohibited.

2. Shots shall not be fired at persons who have only committed traffic violations, misdemeanors and non-forcible felonies.

3. Escapees from arrest or confinement who are guilty only of a misdemeanor until convicted, irrespective of the nature of the original offense. Deadly force is prohibited except as defined previously.

4. Shots shall not be fired to halt any person, including a fleeing felon, who simply runs away to avoid arrest except as defined previously.

5. Shots shall not be fired merely to prevent the destruction or theft of property.

6. Due to the inherent risks of such actions, shots shall not be fired from or at a moving vehicle.

C. Personnel must be aware that innocent and uninvolved citizens, regardless of whether they are in plain view or whether they are in buildings or vehicles, may be in a potential line of fire.

D. Officers should make every effort not to place themselves in a position of danger when attempting to approach or pursue a motor vehicle in order to avoid the vehicle becoming a threat of death or substantial harm to the officer.

E. Any action contrary to this section shall place a substantial burden on the officer to demonstrate that his actions were a necessary and safe measure to prevent death or substantial harm to the officer or innocent bystanders.

**503.05   USE OF FORCE BY NON-SWORN PERSONNEL**

The use of any level of force (including that of deadly force) by any non-sworn personnel is limited to that which is reasonably necessary for self-defense or to provide assistance to a sworn peace officer.

**503.06   SPECIAL CONSIDERATIONS**

Justification for use of lawful force must be limited to what reasonably appears to be the facts known or perceived by the employee at the time he or she decides to use such force.

Facts unknown, no matter how compelling, cannot be considered in later determining whether the use of lawful force, particularly that of deadly force, was justified.

It is imperative that each individual exercise extreme care in the handling of all weapons, emphasizing safety at all times, whether on duty or off duty. Particular attention should be given to the actual donning and removal of the handgun and its holster both at the beginning and the end of the tour of duty, or at any time while adjusting one's clothing or uniform. The safe and secure storage of weapons at home, while either on duty or off duty, should be given special consideration as well.

**503.07   METHOD OF INSTRUCTION**

A. All employees will sign for the Department's General Directives Manual in PowerDMS during the Department's Orientation. The General Directives Manual includes all directives relative to the use of force.

B. All employees authorized to carry lethal and less lethal weapons will receive instruction in the Department's use of force policies prior to being authorized to carry a weapon. The training will be documented.

**503.08   USE OF FORCE REPORT**

A. On any occasion where an employee uses force, which involves lethal or non-lethal weapons, including physical strength and skill, or uses force, which results in, or is alleged to have resulted in, injury or death by any means, that employee shall complete a "Use of Force Report" through BlueTeam detailing that use of force. A "Use of Force Report" is required whenever a Noise Light Diversion Device is deployed inside a structure or in close proximity to any individual. The "Use

of Force Report" is not required when a Noise Light Diversion Device is deployed on the exterior of a structure for the sole purpose of causing a mental or psychological distraction.   This report will be forwarded through the chain of command.

This report shall be in addition to any report arising from the incident, which preceded the use of force.

B.  Any time an officer discharges a firearm in the performance of their duties, the incident will be documented by submitting a report on the appropriate forms to the affected Division Commander.

C.  The discharge of an authorized firearm, while off duty for a police related matter, will immediately be reported to on-duty supervisors and documented accordingly.

### 503.09   USE OF FORCE PROCEDURAL REVIEW

All incidents of use of force will be investigated and reviewed.  It will normally be the responsibility of the employee's immediate supervisor to investigate the use of force to determine if it is justified and complies with department policy.  The completed Use of Force Report is administratively reviewed through the affected employee's chain of command.  The Chief of Police, or affected division commander, may request Professional Standards conduct the investigation.

If the use of force involves serious injury by or upon a department employee, or a police officer discharges a firearm for reasons other than the dispatch of an injured animal, the Deadly Force Investigation Team will investigate.  Incidents involving the application of use of force resulting in the death or serious, life-threatening injury of another will be directed to the Georgia Bureau of Investigation. Use of less-lethal munitions will be evaluated on a case-by-case basis.  Procedures for this team are contained in Section 504.00.  If an incident of this nature occurs and the on-scene supervisor cannot determine whether it fits the above criteria, then the commander of the Deadly Force Investigation Team, or in his absence, the employee's division commander, shall be notified.

If the use of force is justified and conforms to department policy, the immediate supervisor can complete the "Use of Force Report" indicating the case is closed.  This report will be administratively reviewed through the chain of command to the Chief of Police or designee.

In cases where the supervisor determines the use of force is not justified, or department policy has been violated, a written report will be prepared.  This report will include findings and recommendations.  The report will be attached to the "Use of Force Report" and forwarded through the chain of command for appropriate action.  The Chief of Police will then forward the report for review.  The "Use of Force Report" will be forwarded to Professional Standards and to the Training Section Director.

Professional Standards will be responsible for recording information from the "Use of Force Report" and preparing an annual analysis of the Department's use of force activities, policies and practices for the Chief of Police.

The Training Section Director will utilize the "Use of Force Analysis" to determine if additional training in the use of weapons or department policy is necessary.

### 503.10   ASSIGNMENTS PENDING REVIEW

Any employee whose actions or use of force results in a death or serious physical injury will be placed on paid administrative leave and required to speak with qualified psychological services personnel at the earliest possible time.  The involved employee's Division Commander will arrange this through the Professional Standards Commander.  During this period, the employee will refrain from acting in an official capacity.  The decision to return to normal duty will depend upon the results of the investigation and the report of the psychologist.