# EXHIBIT A

Plaintiffs' Proposed Supplemental Brief in Support of Their Opposition to Defendant City of Atlanta's Motion for Summary Judgment

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GAYSHA GLOVER and COURTNEY GRIFFIN, individually and on behalf of the ESTATE OF D'ETTRICK GRIFFIN,<br><br>    *Plaintiffs*,<br><br>*versus*<br><br>CITY OF ATLANTA; ERIKA SHIELDS; OLIVER SIMMONDS; and DOES 1–5,<br><br>    *Defendants*. | Civil Action File No.<br>1:20-cv-04302-VMC<br><br>**SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT CITY OF ATLANTA'S MOTION FOR SUMMARY JUDGMENT** |

Plaintiffs respectfully submit this supplemental brief in support of their Opposition to Defendant City of Atlanta's Motion for Summary Judgment (ECF 170).

## BACKGROUND

As the Court is aware, Defendant Oliver Simmonds has been indicted and is set to stand trial for the murder of Plaintiffs' son, D'Ettrick Griffin. In that criminal proceeding, Simmonds claimed immunity from prosecution pursuant to O.C.G.A. § 16-3-24.2.

1

"O.C.G.A. § 16-3-24.2 provides that a person is immune from prosecution where he can demonstrate by a preponderance of the evidence that he threatened or used force based on a reasonable belief that such threat or force was necessary to defend himself or a third person against another's imminent use of unlawful force." *State v. Copeland*, 310 Ga. 345, 350 (2020).  When, as here, the defendant used deadly force, he "must also prove by a preponderance of the evidence that such potentially lethal force was based on a reasonable belief that the force was necessary to prevent death or great bodily injury at the hands of the alleged victim or to prevent the commission of a forcible felony." *Id.*  Law enforcement officers may seek immunity under O.C.G.A. § 16-3-24.2, and "[w]hen they do, their evidentiary burden is identical to that of any other defendant." *Id.*

Accordingly, the Superior Court of Fulton County held an evidentiary hearing on February 8, 2024 in which Defendant Simmonds attempted to show by a preponderance of the evidence that he acted in self-defense when he shot D'Ettrick Griffin.  After hearing testimony from multiple witnesses, the court immediately ruled that Simmonds did not establish by a preponderance of evidence that he acted in self-defense and, therefore, was not entitled to immunity from prosecution.  *See* Order Denying Defendant's Motion for Immunity (attached as Exhibit 1).

Additionally, at that hearing, Defendant Simmonds testified and gave yet another contradictory version of the events that led to the death of D'Ettrick Griffin. This testimony is relevant to the dispositive motions currently pending before the Court.

## ARGUMENT

At several points during his testimony, Defendant Simmonds contradicts his own prior statements, yet again, and the version of the facts presented in the City's summary judgment brief.

First, the City's primary defense is that Simmonds was in danger when he shot D'Ettrick because his jacket was stuck in the car door, and he was "clinging to the side of his police vehicle" as it accelerated down the street. *See, e.g.*, Def's Brief, at 10 (ECF 162-1). Defendant Simmonds' latest testimony makes this even more difficult to believe than it was already.[1]

Defendant Simmonds testified that while running along the left (driver's side) of the car, he was reaching into the car with his right hand. Transcript of Motions Proceedings Heard Before the Honorable Eric K. Dunaway ("Motion Transcript") (attached as Exhibit 2), 35:14–36:2, 36:18–20. Yet Simmonds also

---

[1] The City, of course, already testified that Simmonds' jacket story "didn't happen." Nixon Dep. 151:12–17 (ECF 170-2).

3

testified that when the door somehow closed again, it closed on the left side of his jacket. Motion Transcript, 37:17–38:6.

Defendant Simmonds further confirmed that the vehicle's doors would have automatically locked when it drove away. Motion Transcript, 52:8–10. It is, therefore, not possible that Simmonds opened the door after chasing after it such that the door could close again on his jacket.

Defendant Simmonds admitted that when he chased after the vehicle as D'Ettrick drove away, "the theft was complete" (Motion Transcript, 21:2–10) and his life was not in danger. Motion Transcript, 35:2–7. Defendant Simmonds further admitted that—as expert Scott DeFoe testified—he could have simply and safely radioed APD to report the vehicle stolen. Motion Transcript, 21:11–22; DeFoe Dep. 61:2–4 (ECF 170-6).

In addition to testifying that he engaged in a physical struggle with D'Ettrick while the car door was open, Defendant Simmonds also testified that he *told this to the GBI investigator on the scene*. Motion Transcript, 48:4–18. GBI Investigator Jan Roulain who responded to the scene and interviewed Simmonds testified, however, that Simmonds told her the door to the car was closed, and that Simmonds never told her his jacket was trapped in the car door. Motion Transcript, 76:23–78:20.

4

Second, the City argues that Simonds may have thought D'Ettrick had a gun. Defs.' Brief, at 11. Defendant Simmonds admitted at his hearing, however, that when he chose to chase after the car, he did not see anybody with a gun. Motion Transcript, 23:3–10. Moreover, GBI Investigator Roulain testified that when she interviewed him at the scene Simmonds made no mention of believing D'Ettrick may have been armed. Motion Transcript, 78:10–20.

Lastly, as noted in Plaintiffs' Motion for Summary Judgment, Simmonds unequivocally testified that he shot D'Ettrick with a Glock Model 43 that he was carrying stuffed in the waistband of his pants without a proper holster. Simmonds Dep. 100:1–14 (ECF 153-3). At the latest hearing, however, Simmonds unequivocally—and repeatedly—testified that he was carrying his Glock 43 in a holster. Motion Transcript, 15:21–25, 40:7–14, 50:10–16.

## CONCLUSION

The City argues that D'Ettrick posed an "immediate and palpable" threat to Defendant Simmonds. Defs.' Brief, at 10. After a complete evidentiary hearing, however, Simmonds could not even establish by a preponderance of the evidence that his life was in danger when he shot D'Ettrick. *See* Exhibit 1. There can be no question, therefore, that the Defendants are not entitled to a summary judgment

5

ruling finding that there is not even a factual dispute on the question of whether Simmonds' shooting of D'Ettrick was objectively unreasonable.

Moreover, Simmonds' repeated inconsistent testimony (to put it generously) clearly demonstrates that a jury must make credibility determinations and weigh conflicting evidence—both Simmonds' own conflicting testimony and other evidence that conflicts with the version of events that City presents in its brief.

**DATED**:  May 23, 2024.

/s/Eric S. Fredrickson
Eric S. Fredrickson
Georgia Bar No. 489783
Matthew S. Harman
Georgia Bar No: 327169

**HARMAN LAW FIRM LLC**
3575 Piedmont Road, NE
Bldg 15, Suite 1040
Atlanta, GA 30505
Telephone:  (404) 554-0777
Facsimile:  (404) 424-9370
Email:       mharman@harmanlaw.com
                  efredrickson@harmanlaw.com

Alex R. Merritt
Georgia Bar No. 143308
DeWoskin Law Firm, LLC
535 North McDonough Street
Decatur, Georgia 30030
alex@atlantatrial.com
(404) 987-0026

*Attorneys for Plaintiffs*

6